In re Jorge COLON, Jr., and Antoinette Valentina Ortiz–Colon, Debtors.

Jan Hamilton, as Chapter
13 Trustee, Plaintiff,

v.

Washington Mutual Bank,
FA, Defendant.

Bankruptcy No. 04–42174.
Adversary No. 05–7032.

United States Bankruptcy Court,
D. Kansas.

Sept. 9, 2005.

Gary E. Hinck, Topeka, KS, for Debtors.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

JANICE MILLER KARLIN, Bankruptcy Judge.

This matter is before the Court on Defendant Washington Mutual Bank, FA's

Motion to Dismiss (Power and Standing Issues).[1] The Court has reviewed the pleadings filed in relation to this matter and is now prepared to rule. This matter constitutes a core proceeding,[2] and the Court has jurisdiction to decide it.[3]

## I. FINDINGS OF FACT

Debtors filed for bankruptcy under Chapter 13 on August 11, 2004. Concurrent with their bankruptcy filing, Debtors filed their Chapter 13 plan. The plan included the following statement concerning the treatment of the first mortgage on their homestead, which is held by the Defendant, Washington Mutual Bank, FA ("Washington Mutual"):

It appears the mortgage with Washington Mutual Bank is improperly perfected and as such may be avoidable by the Chapter 13 Trustee. Until that issue is resolved Debtors will make their normal monthly house payment to the trustee. The trustee will hold the money for distribution until the issue involving the mortgage is resolved. If the lien is in fact unperfected as to the property known as Lot 79 Arrowhead Heights Subdivision No. 5, in the City of Topeka, Shawnee County, Kansas the Debtors will pay the amount of the monthly house payment which is approximately $720.00 per month to the trustee for a period of 48 months in exchange for an Order by the trustee releasing any claims held by the Chapter 13 Trustee and Washington Mutual Bank as to this property. If the lien is found to be valid, the trustee will turn over the monies held to Washington Mutual and the Debtors will once again beginning [sic] making payments to this creditor.

No party raised an objection[4] to the plan language, and the plan was confirmed on October 27, 2004.

A confirmation order was entered by the Court on December 2, 2004. The confirmation order states that "[a]fter approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate which is not proposed or reasonably contemplated to be distributable under the plan, *shall revest in the debtor* following dismissal or discharge" (emphasis added).

The Trustee initiated this adversary proceeding to avoid Washington Mutual's mortgage on Debtors' homestead on the basis that the mortgage is not properly perfected. The allegation is that the mortgage misidentifies the lot number in the recorded documents. Washington Mutual has moved to dismiss this case on the basis that the Trustee has no standing to bring this action, and that he has no power to avoid the transfer. In support of its position, Washington Mutual claims that (1) because of confirmation of the Chapter 13 plan, the Trustee no longer has standing to pursue this action, (2) the Trustee has abandoned all non-exempt real or personal property, and (3) the Trustee has no power under 11 U.S.C. § 544[5] to avoid this lien because the Chapter 13 plan does not provide such authority.

---

1. Doc. 9.

2. 28 U.S.C. § 157(b)(2)(K).

3. 28 U.S.C. § 1334.

4. The only objection to confirmation of the plan was filed by Fidelity State Bank & Trust Co. and did not involve the provision dealing with Washington Mutual's mortgage. Washington Mutual was served with a copy of Debtor's Chapter 13 plan on August 14, 2004, and thus had an opportunity to object to this plan language, but failed to do so. *See* Doc. 11 in Case 04–42174.

5. All future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101—1330 (2004), unless otherwise specified.

## II. STANDARD OF REVIEW FOR A MOTION TO DISMISS

■■■ Washington Mutual seeks dismissal of this case on the basis that the Trustee does not have standing to bring this suit. Dismissal for a lack of standing is jurisdictional, and thus is properly brought under Fed.R.Civ.P. 12(b)(1).[6] When, as in this case, standing is challenged based upon the sufficiency of the plaintiff's allegations, as opposed to the truthfulness of the allegations contained in the complaint, the Court must accept the plaintiff's allegations as true.[7] The Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[8] Considering such evidence outside the pleadings does not convert a motion brought under Rule 12(b)(1) to one under summary judgment.[9]

## III. ANALYSIS

### A. The Trustee has the authority to avoid a lien on an exempt asset.

■■■ Washington Mutual argues that the Trustee has no standing or power to avoid the lien on Debtors' homestead, in part, because "[f]ee simple title to a debtor's exempted residence never becomes property of the estate in which the chapter 13 trustee has any interest." This statement misconstrues the workings of the bankruptcy code in relation to exempt property. In *Bell v. Bell (In re Bell)*,[10] the Second Circuit Court of Appeals explains that all property owned by a debtor on the date of filing is part of the bankruptcy estate, and that the effect of a claimed exemption "is to remove property from the estate and to vest it in the debtor."[11]

■■■ The strong arm powers of the Trustee under § 544(a) are fixed "as of the commencement of the case."[12] As such, the Trustee's powers under § 544(a) extend to all of Debtors' property, even if such property is later removed from the estate once the exemption process became final.[13]

6. See *Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir.2004) Fed.R.Civ.P. 12(b) is made applicable to adversary proceedings in this Court by Fed. R. Bankr.P. 7012(b).

7. *Klaver Const. Co., Inc. v. Kansas Dept. of Transp.*, 211 F.Supp.2d 1296, 1297 (D.Kan. 2002).

8. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir.2000).

9. *Id.*

10. 225 F.3d 203 (2nd Cir.2000).

11. *Id.* at 215–16 (citing *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (when property becomes exempt, it is "withdrawn from the estate (and hence from creditors) for the benefit of the debtor");

*Redfield v. Peat, Marwick, Mitchell & Co. (In re Robertson)*, 105 B.R. 440, 446 (Bankr. N.D.Ill.1989) ("The effect of the automatic allowance of a claim of exemption due to expiration of the 30–day period is, under well-settled case law, to revest the property in the Debtor and end its status as property of the estate")). *See also Gamble v. Brown (In re Gamble)*, 168 F.3d 442, 445 (11th Cir.1999) (explaining that all property of the debtor is initially property of the estate, and only after the debtor claims property as exempt and the time for objections to said exemptions has expired is the property removed from the bankruptcy estate and revested in the debtor).

12. 11 U.S.C. § 544(a).

13. *See Morris v. St. John National Bank (In re Haberman)*, 2004 WL 2035341 (Bankr.D.Kan. 2004) (holding that Trustee's powers under § 544(a) extended to an automobile that the debtors claimed as exempt).

**B. The confirmation of the confirmed plan does not divest the Chapter 13 of standing to bring this action.**

■ Washington Mutual next agues that the Trustee does not have standing to bring this suit because the Chapter 13 plan has already been confirmed. The basis for this assertion is that confirmation of the Chapter 13 plan vested the estate property back in Debtors, and, therefore, the Trustee no longer has an interest in estate property and thus lacks standing to bring this claim.

■ As noted by Washington Mutual, plan confirmation triggers the effects listed in § 1327, including binding the debtor and each creditor, vesting all property of the estate in the debtor except as otherwise provided in the plan or the order confirming the plan, and vesting all property in the debtor free and clear of any claim or interest of any creditor provided for by the plan.[14] Once the property of the estate revests in a debtor, the Trustee would likely not have standing in a proceeding that does not benefit any of the creditors of the estate.[15]

Washington Mutual's argument surrounding standing, however, disregards the plain language of the order confirming the Colons' Chapter 13 plan, and its effect on § 1327. The confirmation order clearly indicates that the property of the estate does not revest in Debtors until "[a]fter approval of the Trustee's Final Report and Account by the Court."[16] The form confirmation order used in this case, and used in most Chapter 13 cases filed in Topeka, delays revesting in debtors until the end of the case, which is expressly allowed under § 1327(a). Because the real estate that is the subject of this proceeding is thus still property of the estate, the Trustee continues to have standing to bring actions affecting that property that will benefit the creditors of the estate. That includes an adversary proceeding to avoid a lien under § 544.

**C. The Trustee did not abandon the property of the estate.**

■ Although the point is not strongly urged in its motion to dismiss, Washington Mutual does argue that the Trustee filed a pleading abandoning all property in this case, and is thus estopped from bringing this litigation because it involves that allegedly abandoned property. The only support for this argument is a copy of the Court's docket sheet, which states the following:

DOCKET ERROR—Correct Document is: Trustee 341 Filings. [filed incorrectly as: Trustee's Report of No Distribution And Notice Of Intended Abandonment]. The trustee has performed the duties required under 11 U.S.C. 704 and there are no assets to administer for the benefit of creditors. The trustee received no funds or property of the estate, and paid no monies on account of the estate. Any non-exempt real or personal property listed by the debtor(s) has no realizable value to the estate and is burdensome. Therefore such non-exempt property shall be deemed abandoned pursuant to order of the Court and 11 U.S.C. 554(c). Pursuant to Fed. R. Bankr.P. 5009, the trustee certifies that the estate of the debtor has been fully administered, and prays that this report be approved and the trustee be discharged from office. Meeting Of Creditors Held And Con-

---

14. 11 U.S.C. § 1327.

15. 1 K. Lundin, Chapter 13 Bankruptcy, 3rd Ed. § 60.1, p. 60–4 (2000 and Supp.2004).

16. Doc. No. 13.

cluded. (Hamilton, Jan) Modified on 9/17/2004 (tjr,). (Entered: 09/16/2004)

There is no image associated with the above docket entry. It could not be more clear that this document was erroneously filed as a notice of intended abandonment of property (the kind typically filed by a Chapter 7 Trustee) but was corrected the following day by the Clerk's office.[17]

This erroneous entry occurred within two weeks of the statewide implementation of electronic case filing, wherein for the first time in history, this Trustee (and all attorneys practicing in this Court) were required to choose "events" programmed into an electronic system of filing pleadings. Many similar docketing mistakes were made by trustees and other attorneys alike in this early implementation period, which was certainly expected. This Court can, and does, take judicial notice that this entry was in error because (1) the entry refers to powers of a Chapter 7 trustee under § 704, not a Chapter 13 trustee under § 1302, and (2) clearly at the point of this entry, immediately after confirmation, the estate had neither been fully administered nor was the trustee discharged. In fact, payments are still ongoing.[18]

This was most obviously a docketing error, which should not, and will not, impair the rights of the parties. There is no basis for Washington Mutual to argue that the Trustee has abandoned the estate property based upon this docket entry, which was docketed in error and later corrected.

## D. The Trustee has post-confirmation power to pursue this adversary proceeding.

 Washington Mutual also contends that the Trustee lacks power to bring this action because the plan allegedly does not authorize the Trustee to bring post-confirmation avoidance proceedings. Because confirmation of the Chapter 13 plan did not vest any of the estate property in Debtors, as previously noted, confirmation would not affect the Trustee's ability to exercise control over estate property, including the right to file motions to avoid liens for the benefit of the estate.

In addition, the Court finds that the Chapter 13 plan expressly authorized the Trustee to engage in the very litigation involved in this suit. The Chapter 13 plan states:

It appears the mortgage with Washington Mutual Bank is improperly perfected and as such may be avoidable by the Chapter 13 Trustee. Until that issue is resolved Debtors will make their normal monthly house payment to the trustee. The trustee will hold the money for distribution until the issue involving the mortgage is resolved. If the lien is in fact unperfected as to the property known as Lot 79 Arrowhead Heights Subdivision No. 5, in the City of Topeka, Shawnee County, Kansas the Debtors will pay the amount of the monthly house payment which is approximately $720.00 per month to the trustee for a period of 48 months in exchange for an Order by the trustee releasing any claims held by the Chapter 13 Trustee

17. *See* initials "(tjr)" after docket entry, which demonstrates that the assigned docket clerk noted the Trustee had erroneously chosen to use a "Chapter 7" event code, instead of a code that would have reflected merely the conclusion of the § 341 hearing, and she corrected the entry. After the clerk's correction of the docket, the Trustee did then chose the correct "entry," on September 23, 2004, noting the conclusion of the § 341 hearing. Doc. No. 15.

18. *See* Trustee Interim Report dated August 10, 2005, Doc. No. 58.

and Washington Mutual Bank as to this property. If the lien is found to be valid, the trustee will turn over the monies held to Washington Mutual and the Debtors will once again beginning [sic] making payments to this creditor.

The Court finds this language, which was confirmed without objection by Washington Mutual, authorizes the lawsuit brought by the Trustee.[19]

### E. *Gilliam v. Bank of America Mortgage* is distinguishable from this case.

Washington Mutual relies heavily on *Gilliam v. Bank of America Mortgage (In re Gilliam)*[20] in its reply in support of the motion to dismiss. The Court finds that *Gilliam* is distinguishable on several grounds.

First, the factual context in *Gilliam* is much different than in this case. In *Gilliam*, the debtor, herself, brought the avoidance action against her mortgage company, rather than the Chapter 13 Trustee. The issue that drove the decision in that case was whether the debtor could exercise the Trustee's avoidance powers under § 544(a). Judge Somers, following the majority rule, held that a debtor cannot bring an action under § 544(a) on her own behalf.

He then shifted his attention to whether a Chapter 13 Trustee could be forced into such litigation as an indispensable party. In addressing this issue, Judge Somers noted that the debtor's mortgage was approximately $84,000 and she was only proposing to pay her creditors $10,000 of that through the plan, which plan was not yet confirmed and could be amended at any time prior to confirmation. After payment of the trustee fees on the $10,000, the court noted that only $9,200 would actually be received by the only three unsecured creditors filing claims in the case. The creditor holding the mortgage in *Gilliam* had an unsecured claim of nearly $95,000, and the other two unsecured creditors had claims totaling less than $3,500. As a result, the mortgage holder would receive 96% of the funds that would be secured for the estate if the mortgage were avoided, with the other two unsecured creditors receiving a total of about $370. In other words, only Gilliam, herself, stood to benefit from the avoidance action, as two of the unsecured creditors would receive a *de minimis* recovery, and the mortgage holder would receive far less than it would be entitled to receive if its mortgage was not voided. As a result of these facts, Judge Somers declined to require the Chapter 13 Trustee to enter the case as an indispensable party, and prosecute the action for creditors.

Unlike *Gilliam*, the Chapter 13 Trustee initiated this case, thus removing any question of whether the Court could require the Trustee to prosecute an action that he does not feel would benefit the estate. In addition, the Chapter 13 plan herein has already been confirmed, which means Debtors are bound to pay approximately $34,500 into the plan, which amount will go to unsecured creditors if the avoidance action is successful. The Court finds a $34,500 recovery, under the facts of this case, would be substantial. Debtors' bankruptcy schedules show numerous unsecured creditors with claims totaling over $110,000, on top of Washington Mutual's

---

19. See *Andersen v. UNIPAC–NEBHELP re Andersen*, 179 F.3d 1253 (10th Cir.1999)(holding that order confirming plan represents a binding determination of the rights and liabilities of the parties).

20. Adv. No. 03–6053 (October 28, 2004) (Somers, J.)

$82,854 claim. If the Trustee is successful in voiding Washington Mutual's mortgage, the other unsecured creditors will recognize a substantial benefit, especially when that amount is contrasted to the amount unsecured creditors stood to receive in *Gilliam*. Here the mortgage holder will not receive the lion's share of the payments.

■ Washington Mutual also uses this forum to question the fairness of the plan provision that allows Debtors to only pay mortgage payments for 48 months through their plan (and then keep the entire equity in the house thereafter), instead of requiring Debtors to pay off the entire mortgage note for the benefit of creditors. The Court finds that Washington Mutual is barred from now contesting the fairness of this plan provision, because it failed to object to Debtors' Chapter 13 plan. The Chapter 13 plan clearly set forth Debtors' intentions regarding the Washington Mutual mortgage, and expressly set out how much they intended to pay creditors if the Trustee were successful in avoiding the mortgage for the benefit of the estate.

Washington Mutual is, in essence, asserting that the Trustee should not be allowed to exercise his statutory authority to avoid this lien because it would result in an unfair windfall for Debtors. The proper time to have raised this issue was prior to confirmation, through a timely objection to confirmation of Debtors' Chapter 13 plan. Because Washington Mutual raised no objection to confirmation at all, it cannot now collaterally raise the issue.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the Trustee has both standing and the power to bring this avoidance action. The Trustee's powers under § 544 are set at the time of the commencement of the case, thus Debtors' election to exempt their homestead property (which was not effective until after the filing of the case) does not affect the Trustee's powers. In addition, under the terms of the confirmation order filed in this case, the property in the bankruptcy estate does not revest in Debtors until they have completed all required payments and the case if closed, rather than at confirmation. This leaves the Trustee with the authority to control estate property and bring actions such as this one to avoid a lien under § 544 for the benefit of the bankruptcy estate. The Court also finds *Gilliam v. Bank of America Mortgage (In re Gilliam)* to be distinguishable on its facts, and thus not persuasive in this case.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Washington Mutual Bank, FA's Motion to Dismiss (Power and Standing Issues) is denied.