## Starr Piano Company v. Petrey, et al.

(Decided February 17, 1916.)

## Appeal from Whitley Circuit Court.

1. Deeds—Mortgages—Acknowledgment—When Not a Recordable Instrument.—When a deed or mortgage is not acknowledged before an officer but the signature is attested by two witnesses, it cannot be admitted to record unless the clerk has proof by the subscribing witnesses in the manner provided in section 501 of the Statutes; and evidence of this proof should be incorporated by him in his certificate showing the recording of the instrument.

2. Deeds—Mortgages—Acknowledgment—When Not a Recordable Instrument.—Section 511 of the Statutes provides that the clerk in his certificate showing the recording of an instrument shall certify by whom it was approved, and the facts showing by whom it was approved in accordance with section 501 should be incorporated in the certificate.

3. Deeds—Mortgages—Acknowledgment—When Not Constructive Notice.—When the signature of a grantor in a deed or mortgage is attested by witnesses as provided in section 501 of the Statutes the clerk is not authorized to admit it to record without proof of its execution, and if he does record it without such proof, it will not furnish constructive notice of its existence to purchasers or creditors.

W. L. BRUNER for appellant.

M. A. GRAY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Granting appeal and affirming judgment.

Lucy Petrey, while living in Laurel county, Kentucky, and in March, 1911, purchased from the Starr Piano Co. a piano for which she executed her notes and also a mortgage on the piano to secure their payment, which mortgage was duly recorded in the county clerk's office of Laurel county. This mortgage was signed by Lucy Petrey "in the presence of Frank H. March and E. J. Ford." After this she moved to Whitley county, Kentucky, and gave to the appellee, R. B. Sutton, a mortgage on the same piano, which mortgage was duly acknowledged and recorded in the county clerk's office of Whitley county. Subsequently the piano company brought this suit in the Whitley Circuit Court against Lucy Petrey and Sutton to recover judgment on the note, and for the enforcement of its mortgage lien on the piano.

Sutton as a party to this suit asserted his mortgage lien, claiming that it was superior to the lien of the piano company because its mortgage was not a recordable instrument, and having no actual notice, he was not affected by the constructive notice that a duly recorded mortgage conveys.

It will be observed that the mortgage executed to the piano company was not acknowledged before an officer, the signature of Lucy Petrey being attested by two witnesses in the manner stated. And the certificate of the clerk of the Laurel County Court reads: "I, Ira J. Davidson, clerk of the county court in and for the county and state aforesaid, do certify that the foregoing mortgage from Lucy Petrey to the Starr Piano Co. was this day produced to me in my said office, whereupon the same, together with the foregoing, and this my certificate, have been duly recorded in my office."

The only question in the case is, was this mortgage, the recordation of which was certified to by the clerk in the manner stated, a recordable instrument on the showing made by the record. If it was, the mortgage lien of the piano company is superior to the lien of Sutton, and the judgment should be reversed. If it was not, the fact that it was recorded did not give Sutton constructive notice of its existence, and his lien should be held superior to that of the piano company.

The statutes controlling this question are sections 496, 501, 511, and 519a, reading as follows:

"Section 496. No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deeds shall be acknowledged or proved according to law, and lodged for record.

"Section 501. Deeds executed in this state, by married women, or other persons, may be admitted to record: (1) On the acknowledgment, before the proper clerk or notary public, by the party making the deed; (2) or by the proof of two subscribing witnesses, or the proof of one subscribing witness, who shall also prove the attestation of the other; (3) or by proof of two witnesses that the subscribing witnesses are both dead; and also like proof of signature of one of them and of the grantor; (4) or by like proof that both of the subscribing witnesses are out of the State, or that one is so absent and the other

is dead; and also like proof of the signature of one of the witnesses and of the grantor; (5) or on the certificate of a clerk of a county court of this state, or notary public, that the same had been acknowledged or proved before him, as required by this section.

"Section 511. The clerk of each county court shall record all instruments of writing embraced in any section of this chapter, which shall be lodged for record, properly certified, or which shall be acknowledged or proved before him as required by law. He shall also record the certificates indorsed on the same, and shall certify the time when the instrument was lodged in his office for record. If acknowledged or proved before him, he shall also certify the time of doing the same, and by whom proved, and that the instrument and the certificates thereon have been duly recorded in his office.

"Section 519a. Wherever a certificate admitting to record a deed executed in this State, by a married woman or other person, shows that such deed was admitted to record on the proof of one of the subscribing witnesses thereto, it shall be presumed that such subscribing witness proved the attestation of the other subscribing witness as well as the execution thereof by the grantor; and a certified copy of any such deed which has been, or which may hereafter be, recorded in the proper clerk's office shall be *prima facie* evidence in all courts and tribunals of this State."

From these statutes it will be seen: (1) that a mortgage is not valid against a purchaser without notice and creditors until it shall have been acknowledged and proved according to law and lodged for record; (2) that a mortgage may be admitted to record on the proof of two subscribing witnesses or the proof of one subscribing witness who shall also prove the attestation of the other, or by proof of two witnesses that the subscribing witnesses are both dead, and also like proof of the signature of one of them and of the grantor, or by like proof that both of the subscribing witnesses are out of the state, or that one is so absent and the other dead, and also like proof of the signature of one of the witnesses and of the grantor; (3) that the clerk shall record all instruments authorized by the statute to be recorded, which shall be acknowledged or proved before him as required by law, and if acknowledged or proved before him, he shall also certify the time of doing this thing and by whom proved;

(4) that when a certificate shows that a deed was admitted to record on the proof of one of the subscribing witnesses thereto, it shall be presumed that this subscribing witness proved the attestation of the other subscribing witness.

It will be further noticed that a deed or mortgage does not furnish constructive notice until it shall have been acknowledged or proved according to law, and when the instrument is not acknowledged by a duly authorized officer, but the signature of the grantor is attested by subscribing witnesses, it can only be admitted to record upon proof before the clerk in the manner required by section 501, which proof must be incorporated by the clerk in his certificate showing that the instrument has been recorded.

The certificate of the clerk showing the recording of the mortgage to the piano company does not show that the signature of Lucy Petrey was proven by the persons whose names are attached to the mortgage as attesting witnesses or by any other person, and in the absence of such proof as is required by section 501, the clerk had no authority to record the instrument. It was no more a recordable instrument than it would have been if the names of the attesting witnesses had not appeared on the instrument. The purpose of the statute was to make sure that the instrument lodged for record was in fact signed and acknowledged by the grantor. If the instrument is accompanied by the certificate of a duly authorized officer, this certificate itself is sufficient evidence of the signing and acknowledgment to authorize the clerk to accept it without other or further evidence of the verity of the acknowledgment. But if it has not been so acknowledged and the signature of the grantor is attested by witnesses, then the statute requires proof of the authenticity of the signature in the manner provided in section 501. Miller & Pulling v. Henshaw & Co., 4 Dana, 325; Charleroi Timber & Cannel Coal Co. v. Licking Coal & Lumber Co., 116 S. W., 682; Belcher v. Polly, 32 Ky. L. R., 623.

The amount involved in this case is not sufficient to authorize an appeal as a matter of right, but in view of the novelty of the question, we grant an appeal and affirm the judgment of the lower court, holding that the mortgage executed to the piano company was not recordable on the showing made by the record and therefore Sutton, under his junior mortgage, had a superior lien on the property.