## Smith v. Jackson.

(Decided December 10, 1929.)

EATON & BOYD for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

On August 10, 1928, appellee, Jackson, sold a piano to Mrs. Zula Wilkinson, and in part payment she executed her note for $450, which was in the form of a mortgage on the instrument. The piano had been placed in the home of Mrs. Wilkinson, which she had under lease from appellant, James P. Smith, in an effort to sell it to her

daughter. Her lease expired on August 31st following, but she continued to hold over for more than 90 days. See section 2295 of the Statutes. Upon default in payment of rent for December, 1928, January and February, 1929, amounting to $90, under a distress warrant, the piano was sold to the appellant. The piano has a stipulated value of $500.

Jackson sued to recover a balance on the note of $389, and asserted his mortgage lien. Smith responded by setting up the above proceedings and asserting the superiority of his landlord's lien. The lower court adjudged Jackson's mortgage to be superior, and ordered the piano sold for its satisfaction. Smith appeals.

Section 2316 of the Statutes provides that liens on personal property of a tenant created before it was "carried upon the leased premises shall prevail against a distress warrant or attachment for rent." But it is further provided that if such lien be created while the property is on the leased premises and "upon which the landlord hath a superior lien for his rent, then to the extent of one year's rent, whether the same accrued before or after the creation of the . . . distress or attachment shall have preference, and be first satisfied." The lien must be valid under section 496. Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S. W. 732. The application of the law to the facts of this case must be the same as if the lessee had moved into the premises on September 1, 1928, which was after the execution of the mortgage, as a new tenancy began after the expiration of the previous lease. This case cannot be distinguished from Lyons v. Deppen, 90 Ky. 305, 14 S. W. 279, 280, 12 Ky. Law Rep. 202, in which it is said:

> "But such lien does not prevail against any other valid lien created before the beginning of the term of lease, or before the property is carried upon the leased premises.
>
> "It thus results that a valid mortgage lien created during one term of a lease must, under the statute, be regarded as superior to the landlord's lien existing during a second term of lease to the same tenant, that had not begun, nor was contracted for, when the mortgage was executed."

However, consideration must be given section 496 of the Statutes, which provides that no mortgage shall be

valid against creditors without notice until it shall be acknowledged or proved according to law and lodged for record. There is no claim of actual notice of a mortgage on the part of the landlord. The mortgage recites that it was signed by Mrs. Wilkinson before two named individuals, and is merely indorsed "Filed this August 14, 1928, John W. Polk, Clerk." It was not acknowledged or proved to have been executed before two witnesses according to the requirements of section 501 of the Statutes. This instrument is like that referred to in Starr Piano Co. v. Petrey, 168 Ky. 530, 182 S. W. 624. Although in that case the clerk's certificate recited that it had been produced before him in his office and had been duly recorded, it was held that such a mortgage was not a recordable instrument unless the clerk had proof by subscribing witnesses that it had been executed before them and the evidence of such proof was incorporated by the clerk in his certificate showing the recording of the instrument.

The General Assembly of 1928 (c. 141, Acts 1928) amended the statute with respect to recording chattel mortgages. So much of the act as is applicable is now incorporated in the statutes as section 523a2 et seq. It is provided that chattel mortgages may now be filed or lodged with the county clerk, indexed and abstracted in a book provided for that purpose; the original instrument remaining on file in that office as a record. This amendment, however, did not have the effect of changing the requirements and provisions of sections 496 or 501. Consequently, the mere filing in the clerk's office of the unrecordable instrument did not constitute constructive notice to the landlord of appellee's mortgage, and his lien for rent has priority.

The judgment is therefore reversed, with directions to enter another judgment in conformity with this opinion.