PER CURIAM.
The bankruptcy trustee appeals the district court’s reversal of the bankruptcy court’s grant of summary judgment in favor of the trustee. The district court reversed the bankruptcy court by finding that a deficiently acknowledged, but recorded, mortgage was sufficient to charge the trustee with notice of the mortgage under Kentucky law. For the reasons that follow, we REVERSE the district court.
BACKGROUND
In March 2001, McKinley and Joyce Ann Vance mortgaged a house in Montgomery County, Kentucky to America’s Wholesale Lender, doing business as Countrywide Home Loans, Inc., to secure the repayment of a loan. The mortgage was recorded within a week of the loan’s closing.
In October 2001, the Vances filed a Chapter 7 bankruptcy petition. The bankruptcy trustee subsequently filed under 11 U.S.C. § 544(a)(3) to avoid the mortgage. The trustee claimed that the mortgage was invalid against a bona fide purchaser lacking notice of the mortgage, and therefore against the trustee, due to omissions in the notary’s acknowledgment, including: 1) the name of the county where the acknowledgment was taken; 2) the identity and/or names of those who signed the mortgage; and 3) the date of the acknowledgment.
The bankruptcy court found that the acknowledgment failed to comply with the statutory requirements for a notary found in KRS § 423.130 and 423.160. Based on this, the court found that the mortgage was not a recordable instrument capable of providing constructive notice to the trustee. Hence, under the “strong arm” provision of the bankruptcy code, 11 U.S.C. § 544(a)(3), summary judgment was granted to the trustee, placing the mortgaged property into the bankruptcy estate.
Countrywide appealed to the district court. The district court concurred with the finding that the mortgage was not properly acknowledged in accordance with Kentucky law, at least as to KRS § 423.130. However, it found that this deficient, but recorded, mortgage served to give either actual or inquiry notice under *27 Kentucky law. With such notice, the district court found that the trustee could not avoid the mortgage as a hypothetical bona fide purchaser and reversed the bankruptcy court.
ANALYSIS
A grant of summary judgment is reviewed de novo, viewing all the evidence in the light most favorable to the non-moving party. Tinsley v. Gen. Motors Corp., 227 F.3d 700, 703 (6th Cir.2000). There are no factual disputes. Hence, summary judgment is appropriate for one of the parties.
A. Defective Acknowledgment
Both the bankruptcy court and the district court found that the notarial acknowledgment was defective. Although Countrywide did not file notice of a cross appeal of this ruling, we address the defective acknowledgment issue since the prevailing party may always assert any ground in the record to support the judgment in its favor. Dandridge v. Williams, 397 U.S. 471, 476 n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); see also Moore v. Freeman, 355 F.3d 558, 565 (6th Cir.2004).
KRS § 423.130 sets forth:
The person taking an acknowledgment shall certify that:
(1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
(2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.
The notary failed to include this information in the certification. Therefore, the district court was correct in finding that the acknowledgment failed to comport with Kentucky law.
B. Mortgage Validity against a Bona Fide Purchaser
The failure to comply with Kentucky’s acknowledgment requirements becomes significant due to KRS § 382.270 which states:
No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section “creditors” includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.
Under 11 U.S.C. § 544(a)(3), if a bona fide purchaser hypothetically can avoid a mortgage, then the trustee may avoid the mortgage. Simon v. Chase Manhattan Bank, 250 F.3d 1020, 1024 (6th Cir.2001). Kentucky has historically held that a defectively acknowledged security interest that is recorded does not provide protection from a subsequent party who lacks notice of the interest. See Smith v. Jackson, 232 Ky. 76, 22 S.W.2d 420 (Ky.l929)(citing identical notice language as KRS § 382.270); Starr Piano Co. v. Petrey, 168 Ky. 530, 182 S.W. 624, 625 (Ky.1916); see also State Street Bank and Trust Co. v. Heck’s, Inc., 963 S.W.2d 626, 630 (Ky.l998)(a defectively recorded mortgage provides no protection unless a creditor can be charged with knowledge of the mortgage). These cases demonstrate that, in Kentucky, a defective acknowledgment of a mortgage that is recorded cannot provide constructive notice of a mortgage. Therefore, it also cannot provide protection from a bankruptcy trustee’s status as *28 a hypothetical bona fide purchaser lacking actual knowledge, which is conferred upon the trustee by federal bankruptcy law.
The district court erred by reading State Street Bank as providing additional means for charging bona fide purchasers with knowledge. First, the district court found that if actual notice of the interest could be charged to a party, he could not be a bona fide purchaser without knowledge. While correct, this goes against the plain language of 11 U.S.C. § 544(a)(3), which precludes the trustee from having actual notice and/or knowledge. Second, the district court believed that State Street Bank allowed a recording of a defectively acknowledged mortgage to give inquiry notice based simply upon the fact of its filing, with the district court stating that “a simple title search would uncover a mortgage that clearly describes the encumbered property.”
The district court’s analysis fails to factually distinguish State Street Bank from the present case. In State Street Bank, the proposition that a defective, but recorded, mortgage instrument cannot serve constructive notice upon subsequent parties was not undermined. 963 S.W.2d at 630 (“KRS 382.270 does nothing more than reiterate the principle that a properly recorded and legally valid instrument constitutes constructive notice to subsequent ... creditors.”)(emphasis added). However, on the facts before Kentucky’s Supreme Court in that case, the subsequent party had both actual and inquiry notice. Id. First, the party’s own loan documentation referenced the prior interest, showing actual knowledge/notice. Id. at 628-29. Second, there was a contemporaneous subordination agreement that had been properly acknowledged and recorded before the subsequent party’s filing. This agreement referenced the improperly executed mortgage. Id. at 628. Thus, the subsequent party had constructive notice of the fee subordination, and through it, constructive notice of the existence of a mortgage. Id. at 630.
In this case, there are no facts that can be constructively charged to the trustee. In reversing the bankruptcy court, the district court charged the trustee with the action that any reasonable creditor taking a mortgage would in fact do: search the title records. If done, such a search would foreclose subsequent parties in interest, as actual notice of the security interest would be obtained from the county’s books. However, the “strong arm” provision of federal bankruptcy law specifically prohibits trustees from having actual knowledge of the interest. Thus, the trustee can only be charged with constructive notice. In Kentucky, an improperly executed security interest that is recorded fails to provide constructive notice. The district court followed a good, common-sense approach to resolve the problem, but it is not the law of Kentucky.
CONCLUSION
The district court’s decision is REVERSED, the bankruptcy court’s order granting summary judgment is REINSTATED, and the case is REMANDED to the bankruptcy court for further proceedings.