OPINION
SOLOMON OLIVER, JR., District Judge.
This appeal, which arises from the Bankruptcy Court for the Eastern District of Kentucky’s (“Bankruptcy Court”) Memorandum Opinion and its accompanying Judgment granting summary judgment to Beverly Burden, the Chapter 13 trustee (“Trustee”), comes to us by way of our circuit’s Bankruptcy Appellate Panel (“BAP”), which affirmed the Bankruptcy Court’s Memorandum Opinion. For the following reasons, we AFFIRM the order of the Bankruptcy Court granting summary judgment to the Trustee.
I. BACKGROUND
A. The Mortgage
Debtors Samuel G. Wilson and Liza Wilson granted the Creditors a mortgage in the original principal amount of $65,741.00 (“Mortgage”) on real property owned by the Wilsons and located at 2721 Country Road, Ashland, Kentucky. (Mortgage, Joint Appendix (“JA”) at 10.) The Creditors recorded the Mortgage in the Boyd County Clerk’s Office on May 16, 2001, and it is on record in Mortgage Book 772, Page 509 of that office.
Douglas Strayer was the attorney who conducted the closing and acted as notary to accept the acknowledgment of the Wil-sons. The Wilsons signed the Mortgage, and it was acknowledged as indicated below:
IN WITNESS WHEREOF, the undersigned (has-have) signed this instrument on the date and year first above written.
Isl Samuel G. Wilson (Seal)
SAMUEL G. WILSON
Is/ Liza Wilson (Seal)
LIZA WILSON
STATE OF KENTUCKY
COUNTY OF BOYD
The foregoing instrument is acknowledged before me this 08 day of MAY, 2001.
My commission expires 11-30-02. Is/ Douglas Strayer
Prepared by Is/ Douglas Strayer /hw/ Bourbon Country, Kentucky
{Id. at 12.) Though the instrument clearly indicates that the Wilsons signed the Mortgage, it is important to note that the Certificate of Acknowledgment itself does *356 not identify the Wilsons as the individuals who signed the Mortgage.
B. The Bankruptcy Court’s Order Granting Summary Judgment to the Trustee
The Wilsons filed for bankruptcy in the Eastern District of Kentucky on January 17, 2005. The duly-appointed Trustee for the Wilsons filed an adversary complaint pursuant to 11 U.S.C. §§ 544, 550, and 551 on May 13, 2005. Under 11 U.S.C. § 544, a trustee has the status of a bona fide purchaser of real property, and if a hypothetical bona fide purchaser can avoid a mortgage, the trustee can also avoid it. The Trustee in the instant case sought to avoid the Mortgage pursuant to 11 U.S.C. § 544 because the Certificate of Acknowledgment allegedly did not conform with the requirements of Ky. Rev. Statute § 423.130 and therefore did not provide the Trustee, a hypothetical bona fide purchaser, with notice under Ky.Rev.Stat. § 382.270. Burden v. The CIT Group/Consumer Finance, Inc., Adv. No. 05-1014 (Bankr.E.D.Ky. Aug. 16, 2005) (JA at 85).
Section 423.130 of the Ky. Rev. Statute, part of the Kentucky Uniform Recognition of Acknowledgment Act enacted in 1970, provides as follows:
The person taking an acknowledgment shall certify that: (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.
(Emphasis added.)
Section 382.270[1] of the Ky.Rev.Stat. provides as follows:
No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section “creditors” included all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.
The Bankruptcy Court granted the Trustee’s summary judgment motion based on the factual similarities to Rogan v. America’s Wholesale Lender (In Re Vance), 99 Fed.Appx. 25, 28 (6th Cir.2004). In Vance, this court held, in an unpublished opinion, that the notary statement in a mortgage Certificate of Acknowledgment was defective under Ky.Rev.Stat. § 423.130 since it failed to state: (1) the identity and/or names of those who signed the mortgage; (2) the name of the county where the acknowledgment was taken; and (3) the date of the acknowledgment. Id. at 28.
*357 The Vance court concluded that the failure to comply with Ky.Rev.Stat. § 423.130 becomes significant in light of the requirements of Ky.Rev.Stat. § 382.270 because:
Under 11 U.S.C. § 544(a)(3), if a bona fide purchaser hypothetically can avoid a mortgage, then the trustee may avoid the mortgage. Simon v. Chase Manhattan Bank, 250 F.3d 1020, 1024 (6th Cir.2001). Kentucky has historically held that a defectively acknowledged security interest that is recorded does not provide protection from a subsequent party who lacks notice of the interest. See Smith v. Jackson, 232 Ky. 76, 22 S.W.2d 420 (Ky.1929) (citing identical notice language as KRS § 382.270); Starr Piano Co. v. Petrey, 168 Ky. 530, 182 S.W. 624, 625 (Ky.1916); see also State Street Bank and Trust Co. v. Heck’s, Inc., 963 S.W.2d 626, 630 [453 Ky. L. Summary 25] (Ky.1998) (a defectively recorded mortgage provides no protection unless a creditor can be charged with knowledge of the mortgage). These cases demonstrate that, in Kentucky, a defective acknowledgment of a mortgage that is recorded cannot provide constructive notice of a mortgage. Therefore, it also cannot provide protection from a bankruptcy trustee’s status as a hypothetical bona fide purchaser lacking actual knowledge, which is conferred upon the trustee by federal bankruptcy law.

Id.

The Bankruptcy Court found that the Wilsons’ Mortgage “is not any different in substance than the mortgage in Vance.” (In Re Wilson, JA at 87.) The Bankruptcy Court stated that the notary statement in the Certificate of Acknowledgment in the instant case was defective under Ky. Rev.Stat. § 423.130 because “it did not state the identity and/or names of the individuals who acknowledged the execution of the mortgage.” (Id.) Consequently, the Mortgage “was defectively acknowledged and insufficient to put the trustee, as a hypothetical bona fide purchaser, on notice.” (Id. 87-88, citing Vance, 99 Fed.Appx. at 28.) The court therefore held that “the [Trustee] is entitled to judgment as a matter of law, that she may avoid the [Creditors’] lien pursuant to 11 U.S.C. § 544(a)(1) and (a)(3), and that it should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.” (JA at 88.)
C. The BAP’s Opinion
The Creditors appealed the Bankruptcy Court’s order granting summary judgment to the Trustee to the BAP for the Sixth Circuit on August 24, 2005. The BAP affirmed the Bankruptcy Court’s decision, premising its holding on Vance, as well as Gregory v. Ocwen Fed. Bank (In Re Biggs), 377 F.3d 515 (6th Cir.2004). See Burden v. CIT Group/Consumer Finance Inc. (In re Wilson), No. 06-8065, 2007 WL 3374801, 2007 Bankr.LEXIS 3800 (B.A.P. 6th Cir. Nov. 14, 2007).
In Biggs, 377 F.3d at 519, the Sixth Circuit addressed Tennessee law, which the BAP found is indistinguishable from Kentucky law on this point, and held that a bankruptcy trustee could avoid a mortgage because the notary acknowledgment failed to provide the names of the individuals who had signed the mortgage. In Re Wilson, 2007 WL 3374801, at *4-5, 2007 Bankr.LEXIS 3800, at *13. The BAP found that the Sixth Circuit’s discussion in Biggs, set forth below, regarding the importance of naming the signor in a Certificate of Acknowledgment was “particularly helpful”:
[T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property-a *358 necessary prerequisite to any free market. In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names “lend[ ] uncertainty about the legal effectiveness of the instrument,” and for that reason alone the acknowledgment fails substantially to comply with Tennessee law.
(Id. at *5, 2007 Bankr.LEXIS 3800, at *13-14, citing Biggs, 377 F.3d at 519.) Accordingly, the BAP stated that it was constrained by the Sixth Circuit’s decisions in Biggs and Vance and that the Bankruptcy Court “did not err in finding that the acknowledgment clause in this case was defective and therefore did not provide constructive or inquiry notice to the Trustee.” In Re Wilson, 2004 WL 1687940, at *5, 2007 Bankr.LEXIS 3800, at *14.
II. STANDARD OF REVIEW
This court independently reviews a decision of a bankruptcy court that has been appealed to the BAP. Curreys of Neb., Inc. v. United Producers, Inc. (In re United Producers), 526 F.3d 942, 946 (6th Cir.2008) (citing Curry v. Curry (In re Curry), 509 F.3d 735, 735 (6th Cir.2007)). A bankruptcy court’s findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. In Re United Producers, 526 F.3d at 946 (citing Behlke v. Eisen (In re Behlke), 358 F.3d 429, 433 (6th Cir.2004)).
III. LAW AND ANALYSIS
The Creditors argue that the Bankruptcy Court erred when it granted summary judgment to the Trustee based on its determination that, in light of Vance, 99 Fed.Appx. at 28, the Mortgage did not provide constructive notice to subsequent purchasers or creditors because it was not properly acknowledged under Kentucky law and was consequently subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544. The Creditors make the following arguments to support their contention that Vance was incorrectly decided, and that the Bankruptcy Court and BAP therefore erred in holding that the Trustee in the instant case could avoid the Mortgage: (1) acknowledgment is the act of the mortgagor, not the notary, and any alleged defects in the notary statement in the Certificate of Acknowledgment is therefore irrelevant; (2) the notary statement that failed to name the individuals signing the Mortgage in the Certificate of Acknowledgment does comply with Ky. Rev. Stat § 423.130 when read together with Ky.Rev.Stat. §§ 423.140 and 423.150;[2] (3) Ky.Rev.Stat. § 61.060 precludes the Trustee from challenging the notary statement in the allegedly facially invalid Certificate of Acknowledgment; (4) pursuant to Ky.Rev.Stat. §§ 423.170, a Certificate of Acknowledgment does not need to comply with Ky.Rev.Stat. § 423.130 so long as it complies with Ky. Rev.Stat. §§ 382.160(1) and 382.130, as *359 demonstrated by Louisville Joint Stock Land Bank v. McNeely, 267 Ky. 425, 102 S.W.2d 389 (1937). The court addresses each argument in turn.
A.
The Creditors argue that “acknowledgment” refers to an act of the mortgagor, the executing party, not the notary, and that any perceived defects in the notary’s Certificate of Acknowledgment is therefore irrelevant to whether the Mortgage was “acknowledged” by the Wilsons. The Creditors cite only Matthews v. Commonwealth, 163 S.W.3d 11 (Ky.2005), an inap-posite case concerning the admissibility of out-of-state hospital records in a criminal rape case, to support this tenuous argument. In any event, Matthews does not support the Creditors’ argument because it recognized that “acknowledgment” is not merely the independent act of the mortgagor. Specifically, Matthews stated that “the requirement of an acknowledgment is ‘wholly statutory.’ In other words, ‘acknowledgment’ is a term of art that describes the process used to prove the validity of the signatures on various documents so as to make those instruments admissible to record or in evidence.” Id. at 24.
As discussed more fully below, the Trustee correctly contends that the controlling statute in the instant case is Ky. Rev.Stat. § 423.130. Ky. Stat. § 423.130(1) states that a notary “shall certify that the person acknowledging appeared before him and acknowledged he executed the instrument.” (Emphasis added). Numerous courts, following Vance, have held in factually similar mortgage avoidance actions brought by a trustee that Ky.Rev. Stat. § 423.130 requires that a notary identify in the Certificate of Acknowledgment the names of the individuals who signed the mortgage. See, e.g., MG Invs., Inc. v. Johnson (In re Cocanougher), 378 B.R. 518, 522 (B.A.P. 6th Cir.2007) (same); Select Portfolio Servs. v. Burden (In Re Trujillo), 378 B.R. 526, 533 (B.A.P. 6th Cir.2007) (same); Countrywide Home Loans, Inc. v. Gardner (In Re Henson), No. 07-8025, 2008 WL 2684847, 2008 Bankr.LEXIS 1953 (B.A.P. 6th Cir. July 9, 2008) (same); Baker v. CIT Group, Inc. (In Re Hastings), 353 B.R. 513, 517 (Bankr.E.D.Ky.2006) (same); Burden v. CIT Group, Inc. (In Re Armstrong), 366 B.R. 716, 718 (Bankr.E.D.Ky.2007); Schlarman v. SunTrust Morg., Inc. (In Re Helvey), No. 05-24181, Adv. No. 06-2061, 2006 WL 3877754, at *2-3, 2006 Bankr.LEXIS 1619, at *7 (Bankr.E.D. Ky. Aug. 2, 2006) (same); Miller v. Raisor (In Re Raisor), No. 05-30478, Adv. No. 05-3041, 2006 WL 3885132, at *1-2, 2006 Bankr.LEXIS 3785, at *4 (Bankr.E.D. Ky. March 31, 2006) (same).
Moreover, as the Bankruptcy Court noted, Vance and its progeny are in line with Kentucky case law holding that a mortgage is defectively acknowledged when a notary or attesting witness fails to certify the identity of the party that signed the mortgage. See Smith v. Jackson, 232 Ky. 76, 22 S.W.2d 420 (Ky.1929); Starr Piano Co. v. Petrey, 168 Ky. 530, 182 S.W. 624, 625 (Ky.1916). Accordingly, the court finds that the Creditors’ argument is not well-taken based upon the plain meaning of Ky.Rev.Stat. § 423.130, as well as the recognition in Vance and its progeny, which are in line with Kentucky law, that a notary must identify who signed the mortgage in the Certificate of Acknowledgment.
B.
The Creditors argue that the notary statement in the Certificate of Acknowledgment complies with Ky.Rev.Stat. § 423.130 because that statute does not expressly require that the notary name or identify the individual acknowledging the Mortgage. Rather, according to the Cred *360 itors, the Kentucky acknowledgment and recording statutes require only substantial compliance with their terms and are to be read together. The Creditors argue that the Kentucky statutes, when read together, give the notary an option not to name the person acknowledging the instrument in the event that the person named in the instrument and acknowledging the instrument are the same. In support of this argument, the Creditors cite the following Kentucky statutes:

62S.14Ú Recognition of certificate of acknowledgment

The form of a certificate of acknowledgment used by a person whose authority [to certify acknowledgments] is recognized under KRS 423.110 shall be accepted in this state if:
(1) The certificate is in a form prescribed by the laws or regulations of this state;
(2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or
(3) The certificate contains the words “acknowledged before me,” or their substantial equivalent.

Jp23.150 Certificate of acknowledgment

The words “acknowledged before me” mean:
(1) That the person acknowledging appeared before the person taking the acknowledgment;
(2) That he acknowledged he executed the instrument;
(3) That, in the case of:
(a) A natural person, he executed the instrument for the purposes therein stated; ... and
(4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.
According to the Creditors, the significance of these statutes is that Kentucky has no proscribed form for a certificate of acknowledgment, and it is valid if it contains the language, “acknowledged before me,” which the Certificate in the instant case contains. Further, they argue that if the Certificate of Acknowledgment contains that language, Ky.Rev.Stat. § 423.150 provides a “safe harbor” that excuses the notary from naming the person acknowledging the instrument when that person is named in the instrument. Essentially, the Creditors argue that the phrase, “acknowledged before me,” satisfies as a matter of law the requirement of Ky.Rev.Stat. § 423.130 that the notary certify that the person acknowledging the instrument appeared before the notary, acknowledged that he executed the document, and was known to the notary to be the person described therein and who executed the instrument. The Creditors argue there is no need for the notary to identify the person acknowledging if he and the person executing the instrument are one and the same.
First, the Trustee responds by arguing that Ky.Rev.Stat. § 423.140 explicitly references Ky.Rev.Stat. § 423.110, which is titled, “Recognition of Notarial Acts Performed Outside This State.” Therefore, the Trustee maintains that § 423.140 only applies to notarial acts performed outside of Kentucky, and there is no evidence that the mortgage in question here was executed outside of Kentucky. (Appellee’s Br. at 15.) Moreover, the Trustee argues that § 423.140 only addresses whether the form of the certificate of acknowledgment is acceptable from a notarial act performed outside of the State of Kentucky and does not address the substance of what informa *361 tion should be included in the certificate of acknowledgment.
Secondly, the Trustee argues that Ky. Rev.Stat. § 423.150 does not provide a “safe harbor,” whereby if the words “acknowledged before me” are used that the certificate of acknowledgment complies with Ky.Rev.Stat. § 423.130. The court notes the BAP for the Sixth Circuit in In Re Trujillo, 378 B.R. at 537, rejected this argument and found that:
Section 423.130, referenced by Vance and its progeny, is authority for the requirement that a certificate of acknowledgment must name or identify the person acknowledging the instrument in order to provide constructive notice. Under the Creditors’ argument, the pertinent statutes, except for § 423.130, would be read together and § 423.150 would supercede § 423.130. Section 423.150 was enacted in 1970 at the same time as § 423.130 and has never been interpreted to negate the requirements of § 423.130. Such an interpretation of § 423.150 would make § 423.130 superfluous and undermine the Vance court’s determination that § 423.130 was not satisfied when the names or identities of those acknowledging the instrument were omitted from the certificate of acknowledgment.
See also In Re Henson, 2008 WL 2684847, at *6, 2008 Bankr.LEXIS 1953, at *15-16 (same). Because the court finds that the Trustee’s argument in regard to Section 140 and 150 and the case authority above to be persuasive, the court hereby rejects the Creditors’ arguments regarding those provisions.
C.
The Creditors rely upon Ky.Rev. Stat. § 61.060 to argue that the Trustee is precluded from attacking the notary’s statement in the Certificate of Acknowledgment because such an attack can lie only upon a demonstration of fraud or mistake. (Appellant’s Br. at 12.) Ky.Rev. Stat. § 61.060 states as follows:
No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.
(Emphasis added). The Creditors do not provide any case law to support their position that the statute is applicable to the instant case.
The Trustee contends that the Creditors’ reliance upon this statute is misplaced because the notary in this ease did not state a fact, ie., the identity of the person acknowledging the execution of the mortgage. (Appellee’s Br. at 16.) The Trustee argues that it is the notary’s failure to state such a fact that renders the mortgage avoidable, and that Ky.Rev.Stat. § 61.060 is therefore inapplicable to the instant case. (Id.)
Moreover, the bankruptcy court’s statement in Rogan v. Countrywide Home Loans (In re Griffin), No. 06-50061, Adv. No. 06-5099, 2006 WL 3877747, at *1, 2006 Bankr.LEXIS 2520, at * 3 (Bankr.E.D.Ky. Oct. 5, 2006), that the purpose of Ky.Rev. Stat. § 61.060 is to “prevent attack on a notary certificate which appears to be proper in all respects” buttresses the Trustee’s argument that the statute is inapplicable to the instant case. (Emphasis added). In Griffin, the plaintiff trustee sought to avoid a mortgage containing a facially valid acknowledgment based upon an argument that the notary’s statement in the acknowledgment that the debtor had appeared before her was false. Applying *362 Ky.Rev.Stat. § 61.060, the court held that the plaintiff could not challenge the facially valid acknowledgment unless he either sued the notary for alleged fraud or mistake in his complaint, but the court allowed the plaintiff to amend his complaint to allege such facts.
In the instant case, the Mortgage is not facially valid pursuant to Ky.Rev.Stat. § 423.130 because the notary did not identify that the Wilsons appeared before him in the Certifícate of Acknowledgment, as required by the statute. Consequently, Ky.Rev.Stat. § 61.060 is inapplicable under the reasoning set forth in Griffin. Significantly, none of the factually similar mortgage avoidance cases cited above in Section 111(A) that attack a facially invalid notary statement in a certificate of acknowledgment suggest that the application of Ky.Rev.Stat. § 61.060 bars such an attack. Accordingly, for the reasons stated above, the court rejects this argument. D.
The Creditors argue that Vance, as did the Bankruptcy Court and the BAP in the instant case, erred in focusing exclusively on Ky.Rev.Stat. § 423.130 to determine whether the Mortgage had been properly acknowledged. Instead, the Creditors cite several cases to assert that Ky.Rev.Stat. §§ 382.160(1) and 382.130, which only refer to deeds, also govern the recording of deeds and mortgages. (Appellant’s Br. at 11, citing, e.g., State Bank of Stearns v. Stephens, 265 Ky. 615, 97 S.W.2d 553 (1936); Woods v. Davis, 153 Ky. 99, 154 S.W. 905 (1913)). However, the cases cited by the Creditors in support of their argument that this court should apply §§ 382.160(1) and 382.130 were decided years before the enactment of § 423.130, and the Creditors do not point to any recent and/or relevant case law applying these statutes to mortgage avoidance actions based on an allegedly defective notary statement in the Certificate of Acknowledgment. Numerous courts that have reviewed similar attempts to avoid a mortgage based on a defective notary acknowledgment have identified and applied § 423.130 as the controlling statute. See cases cited above in Section 111(A). Significantly, none of these cases have applied Ky.Rev.Stat. §§ 382.160(1) and 382.130, although there is admittedly no indication in these cases that such an argument was advanced.
The Creditors maintain that it not need comply with § 423.130 because the Mortgage was properly acknowledged under §§ 382.160 and 382.130. The Creditors base this argument on Ky.Rev.Stat. § 423.170. Ky.Rev.Stat. § 423.170 is titled, “Acknowledgments not affected by KRS 423.110 to 423.190,” and provides as follows:
A notarial act performed prior to July 1, 1970, is not affected by KRS 423.110 to 423.190. KRS 423.110 to 423.190 provide an additional method of proving notarial acts. Nothing in KRS 423.110 to 423.190 diminishes or invalidates the recognition accorded to notarial acts by other laws or regulations of this state.
(Emphasis added.) The Creditors argue that Ky.Rev.Stat. § 423.130 simply provides an additional method for proving notarial acts after July 1, 1970. The dissent finds this argument to be persuasive. While this may be the impact of § 423.170, this conclusion is not clear from the face of the statute. The statute does provide that it functions as an “additional” method of proving a notarial act, but it also states that it does not affect notarial acts performed before July 1, 1970. There would be no need to say the latter if the prior methods of proving a notarial act carried forward along with those provided by the new Act. The third sentence of § 423.170 is likewise ambiguous. The statement that *363 nothing in the new statute “diminishes or invalidates the recognition recorded to notarial acts by other laws or regulations of this state,” could, in the context of the two other sentences, serve as either an affirmation of the first sentence, ie., that it does not invalidate prior acts, or of the second sentence, ie., that the methods set forth in the statute are additional ways of proving notarial acts.
There is no Kentucky legislative history regarding this section. However, the court finds that it is unnecessary to resort to the history of the URAA or the legislative history of other jurisdictions that have adopted the URAA. See, e.g., Apsey v. Memorial Hospital, 477 Mich. 120, 730 N.W.2d 695 (2007) (containing a majority opinion that concludes that the Michigan version of the URAA regarding the recognition of-out-of-state notarial acts was in addition to prior methods of proving such acts, as well as two concurring opinions and a dissenting opinion.) We conclude that the determination of whether all notarial acts performed after 1970 had to comply with § 423.130 or whether they might also be valid if they complied with previously existing methods, as provided in Chapter 382, has no bearing on the outcome of this case. This conclusion is inescapable based upon review of the provisions, §§ 382.130 and 382.160, relied upon by the Creditors in this case. The Creditors cannot show that they have complied with any pertinent provision of Chapter 382.
Section 382.130(1) reads, in pertinent part, “Deeds executed in this state may be admitted to record: (1) On the acknowledgment, before the proper clerk, by the party making the deed.” In this ease, there is no question that the acknowledgment was not taken by or before a clerk. It was done by or before an attorney who was a notary. Further, any argument that the words a “proper clerk” includes one who acts as a notary is foreclosed by comparing § 382.130(1) to the predecessor statute, Section 501, which read: “Deeds executed in this state .... may be admitted to record: (1) on the acknowledgment, before the proper clerk or notary public by the party making the deed-” (Emphasis added.) See Starr Piano, 182 S.W. at 625 (setting forth the text of Section 501). It is evident that the word “notary” was in Section 501 and was removed in Section 382.
A review of § 382.160 is equally revealing. It reads, in pertinent part, “(1) Where the acknowledgment of a deed is taken by an officer of this state ... he may simply certify it was acknowledged before him, and when it was done.” Like § 382.130(1), this provision does not refer to a notary. It applies only when an officer of a state is performing an acknowledgment. There is nothing in that statute or related statutes that defines a notary as an officer of the state for this purpose. Yet, the dissent would so hold without citing any case where a court has held a notary is an officer of the state under § 382.160. Instead, the dissent cites a number of cases that either predate the enactment of § 382.160 in 1942 or involve facts in contexts that are clearly distinguishable from those presented in this case. See, e.g., Redden v. Kentucky, 339 S.W.2d 447, 448 (Ky.1960) (reversing the trial court’s judgment that a notary violated Ky.Rev.Stat. §§ 126.150 and 126.160 because “the provisions of these [election law] statutes impose no duty upon a notary public to administer an oath or to notarize an application of this kind”); Love v. Duncan, 256 S.W.2d 498, 504 (Ky.1953) (holding that “[i]t is the conclusion of the Court that neither the increase in salary nor the increase in fees provided by the 1952 amendment to [Ky.Rev.Stat. § ] 28.440 is *364 available to the defendant [court] reporters of the Jefferson Circuit Court now holding these offices, but are available to the incumbents for the term beginning October 1,1954.”)
The only other provision that might arguably apply is § 382.130(5). It reads, in pertinent part, “Deeds in this state may be admitted to record: (5) On the certifí-cate of a county clerk of this state, or any notary public, that the deed has been acknowledged before him by the party making the deed_” Analysis of this provision, assuming that it is applicable to this case, shows that it was not complied with herein. Indeed, its requirements are very similar to those contained in § 423.130. The notary must certify that the deed has been acknowledged before him by the very party who has made the deed. In the case before the court, that is precisely the problem. The notary did not indicate in his acknowledgment that the persons who appeared before him were the persons who made the deed. One is only left to surmise about that.
The Creditors argue that Louisville Joint Stock Land Bank v. McNeely, 267 Ky. 425, 102 S.W.2d 389 (1937), supports their argument that the form of acknowledgment in the instant case complies with Section 382. The Creditors state that the McNeely court “was faced with a notary certifícate which stated ‘and acknowledged before me by them,’ ” and the court found the instrument was properly acknowledged. (Appellant’s Br. at 13.) The Creditors extrapolate from McNeely that “there is no statutory requirement in KRS Chapter 382 that the notary state who acknowledged it.” (Appellant’s Br. at 14.)
McNeely, which was decided years before under the predecessor statute to § 382, is readily distinguishable from the instant case. The notary certification statement at issue in McNeely provides as follows:
I, G.W. Lane Notary Public for the County and State aforesaid do certify that the foregoing mortgage from H.B. McChesney, L.L. McChesney, his wife, to E.L. McNeely was this day produced to me in Caldwell Co., Ky. and acknowledged before me by them to be their act and deed for the uses and purposes therein mentioned. Witness my hand, this first day of April, 1922.
McNeely, 102 S.W.2d at 392. Unlike the notary in the instant case, it is evident that the McNeely notary stated that the McChesneys appeared before him and signed the mortgage. McNeely therefore does nothing to advance the Creditors’ argument that Kentucky case law does not require that a notary must state who acknowledged the mortgage. In light of the foregoing, the court finds the Creditors’ argument that the form of the acknowledgment in this case complies with Kentucky law is not well-taken.
IV. CONCLUSION
For the reasons stated above, the court finds that the Creditors’ arguments that Vance was incorrectly decided, and the decisions of the Bankruptcy Court and the BAP are therefore invalid, are not well-taken. In light of Vance and its progeny, the Bankruptcy Court and the BAP correctly concluded that the Mortgage did not provide constructive notice to subsequent purchasers or creditors because it was not properly acknowledged under Kentucky law and was consequently subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544. Accordingly, we AFFIRM the order of the Bankruptcy Court granting summary judgment to the Trustee.

. As the BAP noted, Ky.Rev.Stat. § 382.270 was amended effective July 12, 2006, and now provides that, so long as a mortgage containing a defective acknowledgment is lodged for record, that the mortgage “shall be deemed to be validly lodged and that all interested parties shall be on constructive notice of the contents thereof.” The parties in the instant case do not argue that the amended statute is retroactive. In any event, this argument would likely be unavailing. See Select Portfolio Servs. v. Burden (In Re Trujillo), 378 B.R. 526, 533 (B.A.P. 6th Cir.2007) (holding that amended Ky.Rev.Stat. § 382.270 may not be applied retroactively against a bankruptcy trustee when a debtor’s petition was filed prior to the effective date of the amendment to the statute because such an application would be in conflict with the federal bankruptcy statute).

. The Creditors also argue that Biggs, which was relied upon by the BAP to support its decision, is neither controlling nor instructive based upon the alleged difference between the relevant Kentucky and Tennessee statutes. The court need not address this argument in light of its conclusion that Vance is directly relevant precedent.