Robert REDDEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1960.

fatally defective in that it failed to state an offense under the provisions of KRS 124.250.

The motion for an appeal is sustained; the judgment is reversed with directions to set it aside and to enter an order sustaining the demurrer to the indictment.

Atkinson & Atkinson, Greenup, P. H. Vincent, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Robert Redden was convicted upon an indictment charging him with violating the provisions of KRS 124.250. This statute states:

"Any public officer who willfully neglects to perform a duty imposed upon him under the election laws, for which no other penalty is provided, or who willfully performed such duty in a way that hinders the objects of the election laws, shall be fined fifty dollars and imprisoned in the county jail for two months." .

In substance the indictment alleges that Redden as a public officer, more particularly a notary public, unlawfully and willfully performed a duty imposed upon him by the election laws, by falsely notarizing an application for an absentee ballot, which hindered the objects of the election laws of this Commonwealth.

Redden has moved for an appeal contending that the court erred in overruling the demurrer to the indictment. The contention has merit because the election laws of this state do not require a notary public to perform a duty in connection with applications for absentee ballots. While KRS 126.150 and 126.160 impose certain duties upon an applicant seeking an absentee ballot, the provisions of these statutes impose no duty upon a notary public to administer an oath or to notarize an application of this kind. Hence, the indictment is