*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0474p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: LAQUITA D. CURRY,

> *Debtor.*

---

TIDEWATER FINANCE COMPANY,

> *Appellant,*

*v.*

LAQUITA D. CURRY,

> *Appellee.*

No. 06-4217

---

On Appeal from the Sixth Circuit
Bankruptcy Appellate Panel.
No. 05-36056—Lawrence S. Walter, Bankruptcy Judge.

Argued: December 5, 2007

Decided and Filed: December 11, 2007

Before: GUY, MOORE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** James R. Sheeran, TIDEWATER FINANCE COMPANY, Chesapeake, Virginia, for Appellant. Jeffrey R. McQuiston, SKELTON, MCQUISTON, GOURNARIS & HENRY, Dayton, Ohio, for Appellee. **ON BRIEF:** James R. Sheeran, TIDEWATER FINANCE COMPANY, Chesapeake, Virginia, for Appellant. Jeffrey R. McQuiston, SKELTON, MCQUISTON, GOURNARIS & HENRY, Dayton, Ohio, for Appellee.

---

## OPINION

---

RALPH B. GUY, JR., Circuit Judge. Tidewater Finance Company (Tidewater) appeals from the judgment of the Sixth Circuit Bankruptcy Appellate Panel affirming the bankruptcy court's order denying Tidewater's motion for relief from the automatic stay to allow for the sale of the debtor's repossessed automobile and overruling Tidewater's objection to confirmation of the debtor's Chapter 13 plan based on its "cram down" treatment of the claim secured by that automobile. Whether a bankruptcy appeal comes before this court by way of the Bankruptcy Appellate Panel (BAP) or the district court, our review is of the bankruptcy court's decision. *Koenig Sporting*

1

*Goods, Inc. v. Morse Rd. Co. (In re Koenig Sporting Goods, Inc.)*, 203 F.3d 986, 988 (6th Cir. 2000). Because the bankruptcy court's decision was made on stipulated facts, this appeal presents only legal issues that we review *de novo*. *Id*.

Tidewater argues that its prepetition repossession of the automobile, a 2000 Saturn SL, limited the debtor's rights to those available under Ohio law and precluded the debtor from modifying Tidewater's claim under 11 U.S.C. § 1322(b)(2). Tidewater relies on the same authority and reiterates the same legal arguments as it did both before the bankruptcy court and on appeal to the BAP. After careful review of the record, the applicable law, and the arguments presented on appeal, we find that the bankruptcy court did not err in confirming the plan and denying relief from the automatic stay. Further, because the reasons supporting this conclusion are so ably articulated by the BAP, we find that issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we **AFFIRM** the bankruptcy court's order for the reasons set forth in *Tidewater Finance Co. v. Curry (In re Curry)*, 347 B.R. 596 (6th Cir. BAP 2006).