NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0212n.06
Filed: March 19, 2009

No. 07-6447

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| IN RE: SAMUEL G. WILSON; LISA F. WILSON | ) | ON APPEAL FROM THE BANKRUPTCY APPELLATE PANEL FOR THE SIXTH CIRCUIT |
| *Debtors*, | ) | |
| | ) | |
| BEVERLY BURDEN, TRUSTEE | ) | O P I N I O N |
| *Appellee*, | ) | |
| v. | ) | |
| CIT GROUP/CONSUMER FINANCE, INC.; SELECT PORTFOLIO SERVICING, INC. | ) | |
| *Appellants*. | ) | |

**BEFORE: CLAY and COOK, Circuit Judges; and OLIVER, District Judge.**[*]

**SOLOMON OLIVER, JR., District Judge.** This appeal, which arises from the Bankruptcy Court for the Eastern District of Kentucky's ("Bankruptcy Court") Memorandum Opinion and its accompanying Judgment granting summary judgment to Beverly Burden, the Chapter 13 trustee ("Trustee"), comes to us by way of our circuit's Bankruptcy Appellate Panel ("BAP"), which affirmed the Bankruptcy Court's Memorandum Opinion. For the following reasons, we **AFFIRM** the order of the Bankruptcy Court granting summary judgment to the Trustee.

_____

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

# I. BACKGROUND

## A.    The Mortgage

Debtors Samuel G. Wilson and Liza Wilson granted the Creditors a mortgage in the original principal amount of $65,741.00 ("Mortgage") on real property owned by the Wilsons and located at 2721 Country Road, Ashland, Kentucky.  (Mortgage, Joint Appendix ("JA") at 10.)  The Creditors recorded the Mortgage in the Boyd County Clerk's Office on May 16, 2001, and it is on record in Mortgage Book 772, Page 509 of that office.

Douglas Strayer was the attorney who conducted the closing and acted as notary to accept the acknowledgment of the Wilsons.  The Wilsons signed the Mortgage, and it was acknowledged as indicated below:

> IN WITNESS WHEREOF, the undersigned (has-have) signed this instrument on the date and year first above written.
>
> /s/ Samuel G. Wilson         (Seal)
> SAMUEL G. WILSON
>
> /s/ Liza Wilson              (Seal)
> LIZA WILSON
>
> STATE OF KENTUCKY
> COUNTY OF BOYD
>
> The foregoing instrument is acknowledged before me this 08 day of MAY, 2001.
>
> My commission expires 11-30-02.    /s/ Douglas Strayer
>
> Prepared by /s/ Douglas Strayer  /hw/ Bourbon Country, Kentucky

(*Id.* at 12.)  Though the instrument clearly indicates that the Wilsons signed the Mortgage, it is important to note that the Certificate of Acknowledgment itself does not identify the Wilsons as the

2

individuals who signed the Mortgage.

**B.      The Bankruptcy Court's Order Granting Summary Judgment to the Trustee**

The Wilsons filed for bankruptcy in the Eastern District of Kentucky on January 17, 2005. The duly-appointed Trustee for the Wilsons filed an adversary complaint pursuant to 11 U.S.C. §§ 544, 550, and 551 on May 13, 2005. Under 11 U.S.C. § 544, a trustee has the status of a bona fide purchaser of real property, and if a hypothetical bona fide purchaser can avoid a mortgage, the trustee can also avoid it. The Trustee in the instant case sought to avoid the Mortgage pursuant to 11 U.S.C. § 544 because the Certificate of Acknowledgment allegedly did not conform with the requirements of Ky. Rev. Statute § 423.130 and therefore did not provide the Trustee, a hypothetical bona fide purchaser, with notice under Ky. Rev. Stat. § 382.270. *Burden v. The CIT Group/Consumer Finance, Inc.,* Adv. No. 05-1014 (Bankr. E.D. Ky. Aug. 16, 2005) (JA at 85).

Section 423.130 of the Ky. Rev. Statute, part of the Kentucky Uniform Recognition of Acknowledgment Act enacted in 1970, provides as follows:

> The person taking an acknowledgment <u>shall certify that</u>: (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

(Emphasis added.)

Section 382.270[1] of the Ky. Rev. Stat. provides as follows:

_____

[1] As the BAP noted, Ky. Rev. Stat. § 382.270 was amended effective July 12, 2006, and now provides that, so long as a mortgage containing a defective acknowledgment is lodged for record, that the mortgage "shall be deemed to be validly lodged and that all interested parties shall be on constructive notice of the contents thereof." The parties in the instant case do not argue that the amended statute is retroactive. In any event, this argument would likely be unavailing. *See Select Portfolio Servs. v. Burden (In Re Trujillo),* 378 B.R. 526, 533 (B.A.P. 6th

3

No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" included all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

The Bankruptcy Court granted the Trustee's summary judgment motion based on the factual similarities to *Rogan v. America's Wholesale Lender (In Re Vance),* 99 F. App'x 25, 28 (6th Cir. 2004). In *Vance*, this court held, in an unpublished opinion, that the notary statement in a mortgage Certificate of Acknowledgment was defective under Ky. Rev. Stat. § 423.130 since it failed to state: (1) the identity and/or names of those who signed the mortgage; (2) the name of the county where the acknowledgment was taken; and (3) the date of the acknowledgment. *Id.* at 28.

The *Vance* court concluded that the failure to comply with Ky. Rev. Stat. § 423.130 becomes significant in light of the requirements of Ky. Rev. Stat. § 382.270 because:

> Under 11 U.S.C. § 544(a)(3), if a bona fide purchaser hypothetically can avoid a mortgage, then the trustee may avoid the mortgage. *Simon v. Chase Manhattan Bank*, 250 F.3d 1020, 1024 (6th Cir. 2001). Kentucky has historically held that a defectively acknowledged security interest that is recorded does not provide protection from a subsequent party who lacks notice of the interest. *See Smith v. Jackson*, 232 Ky. 76, 22 S.W.2d 420 (Ky. 1929) (citing identical notice language as KRS § 382.270); *Starr Piano Co. v. Petrey*, 168 Ky. 530, 182 S.W. 624, 625 (Ky. 1916); *see also State Street Bank and Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626, 630, 45 3 Ky. L. Summary 25 (Ky. 1998) (a defectively recorded mortgage provides no protection unless a creditor can be charged with knowledge of the mortgage). These cases demonstrate that, in Kentucky, a defective acknowledgment of a mortgage that is recorded cannot provide constructive notice of a mortgage. Therefore, it also cannot provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser lacking actual knowledge, which is conferred upon the trustee by federal bankruptcy law.

---

Cir. 2007) (holding that amended Ky. Rev. Stat. § 382.270 may not be applied retroactively against a bankruptcy trustee when a debtor's petition was filed prior to the effective date of the amendment to the statute because such an application would be in conflict with the federal bankruptcy statute).

*Id.*

The Bankruptcy Court found that the Wilsons' Mortgage "is not any different in substance than the mortgage in *Vance.*" (*In Re Wilson,* JA at 87.) The Bankruptcy Court stated that the notary statement in the Certificate of Acknowledgment in the instant case was defective under Ky. Rev. Stat. § 423.130 because "it did not state the identity and/or names of the individuals who acknowledged the execution of the mortgage." (*Id.*) Consequently, the Mortgage "was defectively acknowledged and insufficient to put the trustee, as a hypothetical bona fide purchaser, on notice." (*Id.* 87-88, citing *Vance,* 99 F. App'x at 28.) The court therefore held that "the [Trustee] is entitled to judgment as a matter of law, that she may avoid the [Creditors'] lien pursuant to 11 U.S.C. § 544(a)(1) and (a)(3), and that it should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551." (JA at 88.)

### C. The BAP's Opinion

The Creditors appealed the Bankruptcy Court's order granting summary judgment to the Trustee to the BAP for the Sixth Circuit on August 24, 2005. The BAP affirmed the Bankruptcy Court's decision, premising its holding on *Vance,* as well as *Gregory v. Ocwen Fed. Bank (In Re Biggs),* 377 F.3d 515 (6th Cir. 2004). *See Burden v. CIT Group/Consumer Finance Inc. (In re Wilson),* No. 08-8065, 2007 Bankr. LEXIS 3800 (B.A.P. 6th Cir. Nov. 14, 2007).

In *Biggs,* 371 F.3d at 519, the Sixth Circuit addressed Tennessee law, which the BAP found is indistinguishable from Kentucky law on this point, and held that a bankruptcy trustee could avoid a mortgage because the notary acknowledgment failed to provide the names of the individuals who had signed the mortgage. *In Re Wilson,* 2007 Bankr. LEXIS 3800, at *13. The BAP found that the Sixth Circuit's discussion in *Biggs*, set forth below, regarding the importance of naming the signor

5

in a Certificate of Acknowledgment was "particularly helpful":

> [T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property-a necessary prerequisite to any free market. In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend[] uncertainty about the legal effectiveness of the instrument," and for that reason alone the acknowledgment fails substantially to comply with Tennessee law.

(*Id.* at \*13-14, citing *Biggs,* 377 F.3d at 519.) Accordingly, the BAP stated that it was constrained by the Sixth Circuit's decisions in *Biggs* and *Vance* and that the Bankrtupcy Court "did not err in finding that the acknowledgment clause in this case was defective and therefore did not provide constructive or inquiry notice to the Trustee." *In Re Wilson,* 2007 Bankr. LEXIS 3800, at \*14.

## II. STANDARD OF REVIEW

This court independently reviews a decision of a bankruptcy court that has been appealed to the BAP. *Curreys of Neb., Inc. v. United Producers, Inc. (In re United Producers),* 526 F.3d 942, 946 (6th Cir. 2008) (citing *Curry v. Curry (In re Curry*), 509 F.3d 735, 735 (6th Cir. 2007)). A bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo. In Re United Producers,* 526 F.3d at 946 (citing *Behlke v. Eisen (In re Behlke*), 358 F.3d 429, 433 (6th Cir. 2004)).

## III. LAW AND ANALYSIS

The Creditors argue that the Bankruptcy Court erred when it granted summary judgment to the Trustee based on its determination that, in light of *Vance,* 99 F. App'x at 28, the Mortgage did

6

not provide constructive notice to subsequent purchasers or creditors because it was not properly acknowledged under Kentucky law and was consequently subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544. The Creditors make the following arguments to support their contention that *Vance* was incorrectly decided, and that the Bankruptcy Court and BAP therefore erred in holding that the Trustee in the instant case could avoid the Mortgage: (1) acknowledgment is the act of the mortgagor, not the notary, and any alleged defects in the notary statement in the Certificate of Acknowledgment is therefore irrelevant; (2) the notary statement that failed to name the individuals signing the Mortgage in the Certificate of Acknowledgment does comply with Ky. Rev. Stat § 423.130 when read together with Ky. Rev. Stat. §§ 423.140 and 423.150;[2] (3) Ky. Rev. Stat. § 60.060 precludes the Trustee from challenging the notary statement in the allegedly facially invalid Certificate of Acknowledgment; (4) pursuant to Ky. Rev. Stat. §§ 423.170, a Certificate of Acknowledgment does not need to comply with Ky. Rev. Stat. § 423.130 so long as it complies with Ky. Rev. Stat. §§ 382.160(1) and 382.130, as demonstrated by *Louisville Joint Stock Land Bank v. McNeely,* 102 S.W.3d 389 (Ky. 1937). The court addresses each argument in turn.

**A.**

The Creditors argue that "acknowledgment" refers to an act of the mortgagor, the executing party, not the notary, and that any perceived defects in the notary's Certificate of Acknowledgment is therefore irrelevant to whether the Mortgage was "acknowledged" by the Wilsons. The Creditors cite only *Matthews v. Commonwealth,* 163 S.W.3d 11 (Ky. 2005), an inapposite case concerning the

---

[2]The Creditors also argue that *Biggs,* which was relied upon by the BAP to support its decision, is neither controlling nor instructive based upon the alleged difference between the relevant Kentucky and Tennessee statutes. The court need not address this argument in light of its conclusion that *Vance* is directly relevant precedent.

7

admissibility of out-of-state hospital records in a criminal rape case, to support this tenuous argument. In any event, *Matthews* does not support the Creditors' argument because it recognized that "acknowledgment" is not merely the independent act of the mortgagor. Specifically, *Matthews* stated that "the requirement of an acknowledgment is 'wholly statutory.' In other words, 'acknowledgment' is a term of art that describes the process used to prove the validity of the signatures on various documents so as to make those instruments admissible to record or in evidence." *Id.* at 24.

As discussed more fully below, the Trustee correctly contends that the controlling statute in the instant case is Ky. Rev. Stat. § 423.130. Ky. Stat. § 423.130(1) states that a notary "<u>shall certify that</u> the person acknowledging appeared before him and acknowledged he executed the instrument." (Emphasis added). Numerous courts, following *Vance*, have held in factually similar mortgage avoidance actions brought by a trustee that Ky. Rev. Stat. § 423.130 requires that a notary identify in the Certificate of Acknowledgment the names of the individuals who signed the mortgage. *See, e.g., MG Invs., Inc. v. Johnson (In re Cocanougher),* 378 B.R. 518, 522 (B.A.P. 6th Cir. 2007) (same); *Select Portfolio Servs. v. Burden (In Re Trujillo),* 378 B.R. 526, 533 (B.A.P. 6th Cir. 2007) (same); *Countrywide Home Loans, Inc. v. Gardner (In Re Henson),* No. 07-8025, 2008 Bankr. LEXIS 1953 (B.A.P. 6th Cir. July 9, 2008) (same); *Baker v. CIT Group, Inc. (In Re Hastings),* 353 B.R. 513, 517 (Bankr. E.D. Ky. 2006) (same); *Burden v. CIT Group, Inc. (In Re Armstrong),* 366 B.R. 716, 718 (Bankr. E.D. Ky. 2007); *Schlarman v. SunTrust Morg., Inc. (In Re Helvey),* No. 05-24181, Adv. No. 06-2061, 2006 Bankr. LEXIS 1619, at *7 (Bankr. E.D. Ky. Aug. 2, 2006) (same); *Miller v. Raisor (In Re Raisor),* No. 05-30478, Adv. No. 05-3041, 2006 Bankr. LEXIS 3785, at *4 (Bankr. E. D. Ky. March 31, 2006) (same).

8

Moreover, as the Bankruptcy Court noted, *Vance* and its progeny are in line with Kentucky case law holding that a mortgage is defectively acknowledged when a notary or attesting witness fails to certify the identity of the party that signed the mortgage. *See Smith v. Jackson*, 232 Ky. 76, 22 S.W.2d 420 (Ky. 1929); *Starr Piano Co. v. Petrey*, 168 Ky. 530, 182 S.W. 624, 625 (Ky. 1916). Accordingly, the court finds that the Creditors' argument is not well-taken based upon the plain meaning of Ky. Rev. Stat. § 423.130, as well as the recognition in *Vance* and its progeny, which are in line with Kentucky law, that a notary must identify who signed the mortgage in the Certificate of Acknowledgment.

**B.**

The Creditors argue that the notary statement in the Certificate of Acknowledgment complies with Ky. Rev. Stat. § 423.130 because that statute does not expressly require that the notary name or identify the individual acknowledging the Mortgage. Rather, according to the Creditors, the Kentucky acknowledgment and recording statutes require only substantial compliance with their terms and are to be read together. The Creditors argue that the Kentucky statutes, when read together, give the notary an option not to name the person acknowledging the instrument in the event that the person named in the instrument and acknowledging the instrument are the same. In support of this argument, the Creditors cite the following Kentucky statutes:

> 423.140 Recognition of certificate of acknowledgment
> The form of a certificate of acknowledgment used by a person whose authority [to certify acknowledgments] is recognized under KRS 423.110 shall be accepted in this state if:
> (1) The certificate is in a form prescribed by the laws or regulations of this state;
> (2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or
> (3) The certificate contains the words "acknowledged before me," or their substantial

9

equivalent.

423.150 Certificate of acknowledgment
The words "acknowledged before me" mean:
(1) That the person acknowledging appeared before the person taking the acknowledgment;
(2) That he acknowledged he executed the instrument;
(3) That, in the case of:
(a) A natural person, he executed the instrument for the purposes therein stated; . . . and
(4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

According to the Creditors, the significance of these statutes is that Kentucky has no proscribed form for a certificate of acknowledgment, and it is valid if it contains the language, "acknowledged before me," which the Certificate in the instant case contains. Further, they argue that if the Certificate of Acknowledgment contains that language, Ky. Rev. Stat. § 423.150 provides a "safe harbor" that excuses the notary from naming the person acknowledging the instrument when that person is named in the instrument. Essentially, the Creditors argue that the phrase, "acknowledged before me," satisfies as a matter of law the requirement of Ky. Rev. Stat. § 423.130 that the notary certify that the person acknowledging the instrument appeared before the notary, acknowledged that he executed the document, and was known to the notary to be the person described therein and who executed the instrument. The Creditors argue there is no need for the notary to identify the person acknowledging if he and the person executing the instrument are one and the same.

First, the Trustee responds by arguing that Ky. Rev. Stat. § 423.140 explicitly references Ky. Rev. Stat. § 423.110, which is titled, "Recognition of Notarial Acts Performed Outside This State." Therefore, the Trustee maintains that § 423.140 only applies to notarial acts performed outside of Kentucky, and there is no evidence that the mortgage in question here was executed outside of

10

Kentucky. (Appellee's Br. at 15.) Moreover, the Trustee argues that § 423.140 only addresses whether the form of the certificate of acknowledgment is acceptable from a notarial act performed outside of the State of Kentucky and does not address the substance of what information should be included in the certificate of acknowledgment.

Secondly, the Trustee argues that Ky. Rev. Stat. § 423.150 does not provide a "safe harbor," whereby if the words "acknowledged before me" are used that the certificate of acknowledgment complies with Ky. Rev. Stat. § 423.130. The court notes the BAP for the Sixth Circuit in *In Re Trujillo,* 378 B.R. at 537, rejected this argument and found that:

> Section 423.130, referenced by *Vance* and its progeny, is authority for the requirement that a certificate of acknowledgment must name or identify the person acknowledging the instrument in order to provide constructive notice. Under the Creditors' argument, the pertinent statutes, except for § 423.130, would be read together and § 423.150 would supercede § 423.130. Section 423.150 was enacted in 1970 at the same time as § 423.130 and has never been interpreted to negate the requirements of § 423.130. Such an interpretation of § 423.150 would make § 423.130 superfluous and undermine the *Vance* court's determination that § 423.130 was not satisfied when the names or identities of those acknowledging the instrument were omitted from the certificate of acknowledgment.

*See also In Re Henson,* 2008 Bankr. LEXIS 1953, at *15-16 (same). Because the court finds that the Trustee's argument in regard to Section 140 and 150 and the case authority above to be persuasive, the court hereby rejects the Creditors' arguments regarding those provisions.

**C.**

The Creditors rely upon Ky. Rev. Stat. § 60.060 to argue that the Trustee is precluded from attacking the notary's statement in the Certificate of Acknowledgment because such an attack can lie only upon a demonstration of fraud or mistake. (Appellant's Br. at 12.) Ky. Rev. Stat. § 60.060 states as follows:

11

No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefitted thereby or mistake on the part of the officer.

(Emphasis added). The Creditors do not provide any case law to support their position that the statute is applicable to the instant case.

The Trustee contends that the Creditors' reliance upon this statute is misplaced because the notary in this case did not state a fact, *i.e.*, the identity of the person acknowledging the execution of the mortgage. (Appellee's Br. at 16.) The Trustee argues that it is the notary's failure to state such a fact that renders the mortgage avoidable, and that Ky. Rev. Stat. § 60.060 is therefore inapplicable to the instant case. (*Id.*)

Moreover, the bankruptcy court's statement in *Rogan v. Countrywide Home Loans (In re Griffin)*, No. 06-50061, Adv. No. 06-5099, 2006 Bankr. LEXIS 2520, at * 3 (Bankr. E.D. Ky. Oct. 5, 2006)*,* that the purpose of Ky. Rev. Stat. § 60.060 is to "prevent attack on a notary certificate which appears to be proper in all respects" buttresses the Trustee's argument that the statute is inapplicable to the instant case. (Emphasis added). In *Griffin,* the plaintiff trustee sought to avoid a mortgage containing a facially valid acknowledgment based upon an argument that the notary's statement in the acknowledgment that the debtor had appeared before her was false. Applying Ky. Rev. Stat. § 60.060, the court held that the plaintiff could not challenge the facially valid acknowledgment unless he either sued the notary for alleged fraud or mistake in his complaint, but the court allowed the plaintiff to amend his complaint to allege such facts.

In the instant case, the Mortgage is not facially valid pursuant to Ky. Rev. Stat. § 423.130

12

because the notary did not identify that the Wilsons appeared before him in the Certificate of Acknowledgment, as required by the statute. Consequently, Ky. Rev. Stat. § 60.060 is inapplicable under the reasoning set forth in *Griffin*. Significantly, none of the factually similar mortgage avoidance cases cited above in Section III(A) that attack a facially invalid notary statement in a certificate of acknowledgment suggest that the application of Ky. Rev. Stat. § 60.060 bars such an attack. Accordingly, for the reasons stated above, the court rejects this argument.

**D.**

The Creditors argue that *Vance,* as did the Bankruptcy Court and the BAP in the instant case, erred in focusing exclusively on Ky. Rev. Stat. § 423.130 to determine whether the Mortgage had been properly acknowledged. Instead, the Creditors cite several cases to assert that Ky. Rev. Stat. §§ 382.160(1) and 382.130, which only refer to deeds, also govern the recording of deeds and mortgages. (Appellant's Br. at 11, citing, *e.g., State Bank of Stearns v. Stephens,* 97 S.W.2d 553 (Ky. 1936); *Woods v. Davis,* 154 S.W.2d 905 (Ky. 1913)). However, the cases cited by the Creditors in support of their argument that this court should apply §§ 382.160(1) and 382.130 were decided years before the enactment of § 423.130, and the Creditors do not point to any recent and/or relevant case law applying these statutes to mortgage avoidance actions based on an allegedly defective notary statement in the Certificate of Acknowledgment. Numerous courts that have reviewed similar attempts to avoid a mortgage based on a defective notary acknowledgment have identified and applied § 423.130 as the controlling statute. *See* cases cited above in Section III(A). Significantly, none of these cases have applied Ky. Rev. Stat. §§ 382.160(1) and 382.130, although there is admittedly no indication in these cases that such an argument was advanced.

The Creditors maintain that it not need comply with § 423.130 because the Mortgage was

13

properly acknowledged under §§ 382.160 and 382.130. The Creditors base this argument on Ky. Rev. Stat. § 423.170. Ky. Rev. Stat. § 423.170 is titled, "Acknowledgments not affected by KRS 423.110 to 423.190," and provides as follows:

> *A notarial act performed prior to July 1, 1970*, is not affected by KRS 423.110 to 423.190. KRS 423.110 to 423.190 provide an additional method of proving notarial acts. Nothing in KRS 423.110 to 423.190 diminishes or invalidates the recognition accorded to notarial acts by other laws or regulations of this state.

(Emphasis added.) The Creditors argue that Ky. Rev. Stat. § 423.130 simply provides an additional method for proving notarial acts after July 1, 1970. The dissent finds this argument to be persuasive. While this may be the impact of § 423.170, this conclusion is not clear from the face of the statute. The statute does provide that it functions as an "additional" method of proving a notarial act, but it also states that it does not affect notarial acts performed before July 1, 1970. There would be no need to say the latter if the prior methods of proving a notarial act carried forward along with those provided by the new Act. The third sentence of § 423.170 is likewise ambiguous. The statement that nothing in the new statute "diminishes or invalidates the recognition recorded to notarial acts by other laws or regulations of this state," could, in the context of the two other sentences, serve as either an affirmation of the first sentence, *i.e.,* that it does not invalidate prior acts, or of the second sentence, *i.e.,* that the methods set forth in the statute are additional ways of proving notarial acts.

There is no Kentucky legislative history regarding this section. However, the court finds that it is unnecessary to resort to the history of the URAA or the legislative history of other jurisdictions that have adopted the URAA. *See, e.g., Apsey v. Memorial Hospital*, 730 N.W.2d 695 (Mich. 2007) (containing a majority opinion that concludes that the Michigan version of the URAA regarding the recognition of out-of-state notarial acts was in addition to prior methods of proving such acts, as well

14

as two concurring opinions and a dissenting opinion.) We conclude that the determination of whether all notarial acts performed after 1970 had to comply with § 423.130 or whether they might also be valid if they complied with previously existing methods, as provided in Chapter 382, has no bearing on the outcome of this case. This conclusion is inescapable based upon review of the provisions, §§ 382.130 and 382.160, relied upon by the Creditors in this case. The Creditors cannot show that they have complied with any pertinent provision of Chapter 382.

Section 382.130(1) reads, in pertinent part, "Deeds executed in this state may be admitted to record: (1) On the acknowledgment, before the proper clerk, by the party making the deed." In this case, there is no question that the acknowledgment was not taken by or before a clerk. It was done by or before an attorney who was a notary. Further, any argument that the words a "proper clerk" includes one who acts as a notary is foreclosed by comparing § 382.130(1) to the predecessor statute, Section 501, which read: "Deeds executed in this state. . . .may be admitted to record: (1) on the acknowledgment, before the proper clerk *or notary public* by the party making the deed. . . ." (Emphasis added.) *See Starr Piano,* 182 S.W. at 631 (setting forth the text of Section 501). It is evident that the word "notary" was in Section 501 and was removed in Section 382.

A review of § 382.160 is equally revealing. It reads, in pertinent part, "(1) Where the acknowledgment of a deed is taken by an officer of this state . . . he may simply certify it was acknowledged before him, and when it was done." Like § 382.130(1), this provision does not refer to a notary. It applies only when an officer of a state is performing an acknowledgment. There is nothing in that statute or related statutes that defines a notary as an officer of the state for this purpose. Yet, the dissent would so hold without citing any case where a court has held a notary is an officer of the state under § 382.160. Instead, the dissent cites a number of cases that either predate

15

the enactment of § 382.160 in 1942 or involve facts in contexts that are clearly distinguishable from those presented in this case. *See, e.g., Redden v. Kentucky,* 339 S.W.2d 447, 448 (Ky. 1960) (reversing the trial court's judgment that a notary violated Ky. Rev. Stat. §§ 126.150 and 126.160 because "the provisions of these [election law] statutes impose no duty upon a notary public to administer an oath or to notarize an application of this kind"); *Love v. Duncan,* 256 S.W.2d 498, 504 (Ky. 1953) (holding that "[i]t is the conclusion of the Court that neither the increase in salary nor the increase in fees provided by the 1952 amendment to [Ky. Rev. Stat. §] 28.440 is available to the defendant [court] reporters of the Jefferson Circuit Court now holding these offices, but are available to the incumbents for the term beginning October 1, 1954.")

The only other provision that might arguably apply is § 382.130(5). It reads, in pertinent part, "Deeds in this state may be admitted to record: (5) On the certificate of a county clerk of this state, or any notary public, that the deed has been acknowledged before him by the party making the deed. . . ." Analysis of this provision, assuming that it is applicable to this case, shows that it was not complied with herein. Indeed, its requirements are very similar to those contained in § 423.130. The notary must certify that the deed has been acknowledged before him by the very party who has made the deed. In the case before the court, that is precisely the problem. The notary did not indicate in his acknowledgment that the persons who appeared before him were the persons who made the deed. One is only left to surmise about that.

The Creditors argue that *Louisville Joint Stock Land Bank v. McNeely,* 102 S.W.2d 389 (Ky. 1937), supports their argument that the form of acknowledgment in the instant case complies with Section 382. The Creditors state that the *McNeely* court "was faced with a notary certificate which stated 'and acknowledged before me by them,'" and the court found the instrument was properly

16

acknowledged. (Appellant's Br. at 13.) The Creditors extrapolate from *McNeely* that "there is no statutory requirement in KRS Chapter 382 that the notary state who acknowledged it." (Appellant's Br. at 14.)

*McNeely,* which was decided years before under the predecessor statute to § 382, is readily distinguishable from the instant case. The notary certification statement at issue in *McNeely* provides as follows:

> I, G. W. Lane Notary Public for the County and State aforesaid do certify that the foregoing mortgage from H. B. McChesney, L. L. McChesney, his wife, to E. L. McNeely was this day produced to me in Caldwell Co., Ky. and acknowledged before me by them to be their act and deed for the uses and purposes therein mentioned. Witness my hand, this first day of April, 1922.

*McNeely,* 102 S.W.2d at 392. Unlike the notary in the instant case, it is evident that the *McNeely* notary stated that the McChesneys appeared before him and signed the mortgage. *McNeely* therefore does nothing to advance the Creditors' argument that Kentucky case law does not require that a notary must state who acknowledged the mortgage. In light of the foregoing, the court finds the Creditors' argument that the form of the acknowledgment in this case complies with Kentucky law is not well-taken.

## IV. CONCLUSION

For the reasons stated above, the court finds that the Creditors' arguments that *Vance* was incorrectly decided, and the decisions of the Bankruptcy Court and the BAP are therefore invalid, are not well-taken. In light of *Vance* and its progeny, the Bankruptcy Court and the BAP correctly concluded that the Mortgage did not provide constructive notice to subsequent purchasers or creditors because it was not properly acknowledged under Kentucky law and was consequently subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544. Accordingly, we **AFFIRM** the

17

order of the Bankruptcy Court granting summary judgment to the Trustee.

**CLAY, Circuit Judge, dissenting**.  The majority erroneously concludes that the certificate of acknowledgment accompanying the Wilsons' mortgage fails to comply with applicable Kentucky law and that, consequently, Plaintiff, Trustee Beverly Burden, may avoid the mortgage obligation. Contrary to the majority's argument, the record demonstrates that the acknowledgment complied with § 382.160 of the Kentucky Revised Statutes, the mortgage was validly acknowledged, and Plaintiff cannot avoid the mortgage obligation.  Therefore, I respectfully dissent.

By way of background, on May 8, 2001, Samuel and Liza Wilson financed a $65,741 loan with Defendant CIT secured by a lien against their Kentucky home.  In the presence of a notary, they executed a mortgage to secure the loan.  The signature page of the mortgage documents reads as follows:

IN WITNESS WHEREOF, the undersigned (has-have) signed this instrument on the date and year first above written.

/s/Samuel G. Wilson (Seal)

SAMUEL G. WILSON

/s/ Liza Wilson      (Seal)

LIZA WILSON

STATE OF KENTUCKY

COUNTY OF /hw/ Boyd ss. _____ (Seal)

19

(J.A. 12.) Immediately below this signature block appears the certificate of acknowledgment, which states:

The foregoing instrument was acknowledged before me this 08 day of MAY, 2001.

My commission expires /hw/ 11-30-02        /s/ Douglas Strayer

                                                    (Notary Public)

Prepared by /s/ Douglas Strayer    /hw/ Bourbon County, Kentucky.

           (Signature)

(*Id.*)

On January 17, 2005, the Wilsons filed for Chapter 13 bankruptcy, and Plaintiff was appointed as Trustee of the Wilsons' estate. As Trustee, Plaintiff filed the instant case in the United States Bankruptcy Court for the Eastern District of Kentucky. Pursuant to 11 U.S.C. § 544(a)(3), "a bankruptcy trustee is considered a bona fide purchaser of the debtor's real estate and may therefore avoid certain obligations placed on the property that are voidable under state law." *In re Cook*, 457 F.3d 561, 566 (6th Cir. 2006). To be valid under Kentucky law, a mortgage must be "acknowledged or proved according to law and lodged for record." Ky. Rev. Stat. Ann. § 382.270. Thus, if the Wilsons' mortgage was not properly "acknowledged" under Kentucky law, the estate may avoid any obligations created by that mortgage.

20

Kentucky law provides two separate frameworks for creating a valid certificate of acknowledgment. The first is set forth in Kentucky's Uniform Recognition of Acknowledgments Act ("URAA"). Relevant to the issue presented in this case, § 423.130 requires that, for the certificate to be valid, "[t]he person taking an acknowledgment" must certify:

(1) The person acknowledging appeared before him and acknowledged he executed the instrument; and

(2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ky. Rev. Stat. Ann. § 423.130. In addition to the URAA, Chapter 382, governing conveyances and encumbrances, sets forth certain requirements for certificates of acknowledgment. Specifically, § 382.160 provides that, "[w]here the acknowledgment . . . is taken by an officer of this state or an officer residing out of state, he may simply certify that it was acknowledged before him, and when it was done." Ky. Rev. Stat. Ann. § 382.160(1). Therefore, if the certificate accompanying the Wilsons' mortgage complies with either of these statutes, the acknowledgment is valid.

The record establishes that the acknowledgment complies with the requirements set forth in § 382.160. The certificate of acknowledgment accompanying the Wilsons' mortgage states that the "foregoing instrument" was "acknowledged before [the notary]" on the eighth day of May, thus satisfying the statute's requirement that "the officer . . . may simply certify that it was acknowledged before him, and when it was done." Ky. Rev. Stat. Ann. § 382.160. Because the acknowledgment complies with § 382.160, the mortgage was validly acknowledged and therefore recordable.

21

Accordingly, the mortgage provided notice to the Trustee under § 382.270, and Plaintiff cannot avoid the mortgage obligation.

Attempting to avoid this self-evident legal conclusion, the majority finds that the mortgage is invalid under § 382.160. The majority reasons that, because § 382.160 "does not refer to a notary," it applies "only when an officer of a state is performing an acknowledgment." Op. ¶ 40. The majority then states that "nothing in that statute or related statutes . . . defines a notary as an officer of a state." *Id.* However, numerous longstanding decisions from the Kentucky courts have recognized that a notary is a "public officer" or "officer of the state." *See Redden v. Kentucky*, 339 S.W.2d 447, 448 (Ky. 1960) (finding that a notary public is a type of public officer); *Love v. Duncan*, 256 S.W.2d 498, 501 (Ky. 1953) ("[N]otaries public are universally regarded as officers."); *Huffaker v. Nat'l Bank of Monticello,* 75 Ky. 287 (Ky. 1876) ("The notary being an officer of this state, his official signature is all that is required . . . ."); *see also New Madrid Realty & Inv. Co. v. Kirby*, 11 S.W.2d 429, 430 (Ky. 1928) (concluding that, because the acknowledgment indicated that a "notary public" took the acknowledgment, "the title of the officer taking the acknowledgment plainly appears on the mortgage"); *Holland v. Stubblefield*, 206 S.W. 459, 461 (Ky. 1918) (concluding that "a notary who held himself out as such . . . was a de facto officer" and that the acknowledgment taken before him was valid because "the contracting parties did not know of the officer's disability").

Despite the clear understanding of Kentucky courts that a notary is an officer, the majority attempts to argue that these cases are inapplicable. However, the grounds on which the majority attempts to distinguish the cases are baseless. Unable to find any other way to discredit the Kentucky Supreme Court's clear statement that a "notary [is] an officer of this state," *Huffaker*, 75 Ky. 287, the majority contends, without explanation, that the Kentucky Supreme Court's decision is irrelevant

22

because it was decided before the enactment of § 382.160. However, nothing in § 382.160 suggests that the Kentucky legislature intended to overturn the general principle that a notary public is an officer under Kentucky law.

With respect to the cases decided after the enactment of § 382.160, the majority argues they do not apply to this case because they "involve facts in contexts that are clearly distinguishable from those presented in this case." Op. ¶ 40. However, any factual distinctions are irrelevant; they in no way undermine or limit the general principle that a notary public is an "officer of this state." In addition, the majority offers no support for its contention that Kentucky excludes notaries from the more general category of state officers. Therefore, the majority's contention that a notary is not an "officer of this state" for purposes of § 382.160 is clearly contrary to Kentucky law.

By reaching the erroneous conclusion that the certificate of acknowledgment fails to comply with § 382.160, the majority attempts to avoid the issue of whether the provisions of Chapter 382 apply to this case, as well as the question of whether the URAA provides the exclusive method of creating a valid certificate of acknowledgment. Nonetheless, the majority offers several reasons as to why it believes that Chapter 382 should not apply to this case, all of which lack merit.

First, the majority rejects the Creditors' reliance on Chapter 382 because the relevant provisions "only refer to deeds" and therefore do not "govern the recording of . . . mortgages." Op. ¶ 36. While the term "mortgage" is not present in the text of § 382.160 or similar provisions, such as § 382.130(1), Kentucky courts have applied earlier versions of these statutes when confronted with the question of whether a mortgage was recordable. *See, e.g.*, *Starr Piano Co. v. Petrey*, 182 S.W. 624, 625-26 (Ky. 1916) (applying section 501—the predecessor statute to 382.130(1)—to determine whether a mortgage was properly recorded); *see also State Bank of Stearns v. Stephens*,

97 S.W.2d 553, 557 (Ky. 1936) (citing section 501 for the rule that a mortgage could not be legally lodged for record until it was acknowledged). Therefore, to the extent the majority attempts to dismiss Chapter 382 as relevant only to deeds, the majority is clearly at odds with well-established Kentucky law.

In addition, the majority reasons that Chapter 382 should not apply to this case because other courts that "have reviewed similar attempts to avoid a mortgage based on a defective notary acknowledgment have identified and applied § 423.130 as the controlling statute." Op. ¶ 36. The majority concedes, however, that "there is admittedly no indication in these cases" that the parties advanced the argument that § 382.160 applied. *Id.* Without evidence that a court rejected Chapter 382 as inapplicable, the fact that these courts applied § 423.130 does not support a conclusion that § 382.160 cannot provide a valid method of proving notarial acts.

The majority also addresses the Creditors' argument that § 423.170 demonstrates that the Kentucky legislature intended for the URAA to provide an *additional* method of proving notarial acts, rather than the exclusive method. Section 423.170 provides:

> A notarial act performed prior to July 1, 1970, is not affected by KRS 423.110 to
> 423.190. KRS 423.110 to 423.190 provide an additional method of proving notarial
> acts. Nothing in KRS 423.110 to 423.190 diminishes or invalidates the recognition
> accorded to notarial acts by other laws or regulations of this state.

Ky. Rev. Stat. Ann. § 423.170. In evaluating the Creditors' argument, the majority finds § 423.170 to be ambiguous with respect to whether § 423.170 precludes the application of Chapter 382. However, § 423.170 specifically indicates that the URAA does not replace existing methods of

proving notarial acts, but provides an "additional" method.

The Kentucky legislature evidenced its intent through § 423.170 to maintain existing statutes, such as those set forth in Chapter 382, as permissible methods of proving the acknowledgment of deeds, mortgages, and other instruments. While Kentucky courts have not addressed the impact of § 423.170 on seemingly conflicting statutes, courts in other states that have adopted the URAA "have consistently come to the conclusion that the uniform act creates an alternative means of authentication." *Apsey v. Mem'l Hosp.*, 730 N.W.2d 695, 702 n.9 (Mich. 2007) (discussing *Rumph v. Lester Land Co.*, 172 S.W.2d 916 (1943), which concluded that a pre-existing statute "was merely a system of acknowledgement [sic] that was an alternative to" the URAA and that, as a result, "[t]wo ways are open: (1) the old way; or (2) the way under [the uniform act]. Either way reaches the same goal: *i.e.*, the right to be recorded"). Accordingly, there is no basis for the majority's contention that § 423.170 is ambiguous.

In addition to arguing that the certificate of acknowledgment failed to comply with § 382.160, the majority asserts that the acknowledgment is invalid under § 423.130. Because Kentucky law amply demonstrates that the mortgage was validly acknowledged pursuant to § 382.160, it is unnecessary to address whether the certificate of acknowledgment complied with § 423.130.[1] However, it should be noted that the majority's interpretation of § 423.130 represents an

[1]As a result, it also is unnecessary to address the majority's reliance on this Court's unpublished decision in *Rogan v. America's Wholesale Lender* (*In Re Vance*), 99 F. App'x 25 (6th Cir. 2004), for its conclusions regarding the proper interpretation of § 423.130.

In addition, to the extent that the majority relies on bankruptcy court cases to support its interpretation of Kentucky law, such reliance is misplaced. Although a panel of this Court must follow a prior panel's interpretation of state law under the principles of stare decisis, *see Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1231 (10th Cir. 2000), this Court is not obligated to follow a bankruptcy court's interpretation of state law, *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 500 (1985) (noting that federal courts "surely have the authority to differ with the lower federal

inappropriately technical and misleading reading of that statute, particularly in light of the Kentucky Supreme Court's recent discussion of the purpose of a certificate of acknowledgment:

> The certificate of acknowledgment is evidence of the acknowledgment itself, which in its technical legal sense is a formal declaration before a proper officer that an instrument is the act or deed of the person executing it, or, to put it more expressly, a formal declaration of the genuineness of an instrument in writing made by a person executing it . . . before a competent court or officer[] in order to establish the validity of such instrument or entitle it to be admitted in evidence or be recorded. . . . As such, an acknowledgment is nothing more than a verification that a document was executed.

*Matthews v. Commonwealth*, 163 S.W.3d 11, 24 (Ky. 2005) (internal quotation marks omitted) (footnotes omitted). Thus, the purpose of requiring a certificate of acknowledgment is to ensure the validity of an instrument. While reciting the name of the person acknowledging execution of the instrument is an important requirement to guarantee the integrity of the instrument, there is no dispute in this case that the Wilsons are the ones who acknowledged execution of the mortgage; the certificate of acknowledgment appears directly below their signatures. Further, the acknowledgment references the "foregoing instrument," which could only refer to the mortgage document the Wilsons signed directly above the certificate of acknowledgment.

Therefore, this case does not present a situation where a subsequent purchaser would be "left to wonder who appeared before the notary . . . to acknowledge their signatures." *In re Biggs*, 377 F.3d 515, 519 (6th Cir. 2004). Under the circumstances, "no intelligent person could have been

courts as to the meaning of a state statute").

26

misled by the . . . certificate," as "[a]ny person of common understanding would at once know and understand that the named [instrument]" referred to the mortgage. *Louisville Joint Stock Land Bank v. McNeely*, 102 S.W.2d 389, 392 (Ky. 1937).[2]  Accordingly, a finding that the Wilsons' mortgage was not properly recorded solely because the certificate of acknowledgment fails to restate the names of the persons whose signatures are being acknowledged constitutes an overly technical and arcane reading of Kentucky law.  The majority attempts to justify its conclusion by relying on case law that addresses the validity of instruments and acknowledgments distinct in presentation from those in this case, which involves a signature to an instrument followed immediately by a statement that the instrument was acknowledged.  Allowing a trustee to avoid the mortgage obligation under these circumstances does nothing to fulfill the purposes of the acknowledgment requirement—protecting the validity of the title system and preventing fraud.

Instead of protecting the integrity of this and similar transactions, the majority has exalted form over substance and actually has made it more difficult for parties to such transactions to receive the legal protections that Kentucky law has sought to insure over many years.  Thankfully, inasmuch as this Court is not the final arbiter or interpreter of Kentucky law, neither the Kentucky legislature nor the Kentucky courts are bound by the majority's ill-advised and legally erroneous conclusions. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 472 (6th Cir. 2008) ("No federal court has the final say on what [Kentucky] law means.").

---

[2]In rejecting the Creditors' reliance on *McNeely*, Op. ¶ 43, the majority fails to recognize *McNeely*'s rejection of overly technical interpretations of the requirements for creating a valid certificate of acknowledgment.  The court in *McNeely* emphasized that, despite the existence of a "more precise" or "better form" alternative, where "no intelligent person could have been misled" by the imperfect certificate, a court should not invalidate the certificate. *See* 102 S.W.2d at 392.

Because the majority erroneously concludes that the certificate of acknowledgment accompanying the Wilsons' mortgage failed to comply with Kentucky law, I respectfully dissent from the majority's conclusion that Plaintiff may avoid the mortgage obligation.